**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Charles Russell PRUNER,**
**Defendant-Appellant.**

**No. 78–3560.**

United States Court of Appeals,
Ninth Circuit.

Oct. 15, 1979.

Marshall W. Krause, Krause, Timan, Baskin, Shell & Grant, Larkspur, Cal., for defendant-appellant.

Mark L. Webb, Asst. U. S. Atty., Larry A. Morse, Bureau of ATF, San Francisco, Cal., for plaintiff-appellee.

Before KENNEDY and TANG, Circuit Judges and PALMIERI,* District Judge.

TANG, Circuit Judge:

Pruner appeals his conviction for receipt of a firearm by a person who has been convicted of a crime punishable by imprisonment for a term exceeding one year. 18 U.S.C. § 922(h)(1). Pruner raises three issues on appeal. First, he argues that his previous conviction was not for a crime punishable by imprisonment exceeding one year within the meaning of section 922(h)(1). Second, he argues that knowledge or scienter that the earlier crime carried a maximum term of imprisonment exceeding one year is a necessary element of a section 922(h)(1) offense and that the court erred in not allowing the jury to consider whether he possessed this knowledge. Third, Pruner challenges the sentence imposed by the court. He argues that the sentence was erroneous because it exceeded the maximum two-year term allowed by 18 U.S.C.App. § 1202(a), which prohibits the same act covered by section 922(h)(1) but carries a lighter penalty. We conclude that there was no error below and affirm.

In 1968 Pruner was convicted in California Superior Court of receiving stolen property. This crime was "punishable by imprisonment in a state prison for not more than 10 years, or in a county jail for not more than one year." Cal.Penal Code § 496.1.[1] The sentencing judge had the discretionary power, however, to impose a lesser sentence and did so. Pruner was sentenced to 60 days in a county jail with three years probation and fined two hundred and fifty dollars ($250).

In 1977 Pruner purchased four firearms at a sporting goods store in California and was subsequently convicted of violating 18 U.S.C. § 922(h)(1)[2] and now appeals.

I

In California a crime is classified as either a felony or a misdemeanor solely on the basis of the sentence actually imposed. See Cal.Penal Code § 17. Thus, under California law Pruner's crime is a misdemeanor. Pruner contends that because this is so, his offense is not "a crime punishable by im-

---

* The Honorable Edmund L. Palmieri, Senior United States District Judge for the Southern District of New York, sitting by designation.

1. Section 496.1 reads, in relevant part:
   Every person who buys or receives any property which has been stolen . . . knowing the property to be so stolen . . . is punishable by imprisonment in a state prison for not more than 10 years, or in a county jail for not more than [10] years; provided that where the district attorney or the grand jury determines that such action would be in the interests of justice, the district attorney or the grand jury . . . may, if the value of the property does not exceed . . . ($200), specify in the accusatory pleading that the offense shall be a misdemeanor, punishable only by imprisonment in the county jail not exceeding one year.

2. 18 U.S.C. § 922(h)(1) reads:
   It shall be unlawful for any person who is under indictment for, or who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.

prisonment for a term exceeding one year." The contention is without merit. In *United States v. Houston*, 547 F.2d 104 (9th Cir. 1976), we rejected the same argument in a prosecution under 18 U.S.C.App. § 1202(a)(1). That statute defines "felony" in language, in relevant respects, identical to that of 18 U.S.C. § 921(a)(20), the definitional statute applicable to a § 922(h)(1) prosecution. We said:

> State laws designating a crime as either a misdemeanor or a felony are relevant only in cases where the prior offense did not involve a firearm and is punishable by imprisonment of less than two years. Where those conditions are inapplicable, we look to state law solely to determine whether the maximum permissible prison term exceeds one year. If so, the state conviction constitutes a felony for purposes of 18 U.S.C.App. § 1202.

547 F.2d at 106. We hold that this reasoning is equally applicable to § 921(a)(20), and that Pruner's state conviction comes within the meaning of § 922(h)(1).

## II

■ Next, Pruner argues that the trial court erred in not allowing the jury to decide whether he had knowledge that his state conviction was punishable by imprisonment for more than one year. Section 922(h)(1) contains no express requirement of proof of such knowledge, but Pruner argues that the requirement is based on the long-established requirement of criminal responsibility. *See Morissette v. United States*, 342 U.S. 246, 251, 72 S.Ct. 240, 96 L.Ed. 288 (1952).

It is true as a general rule of common law that scienter was a necessary element of every crime, and this rule was followed in regard to statutory crimes even where the statutory definition did not include it. *See United States v. Balint*, 258 U.S. 250, 251–52, 42 S.Ct. 301, 66 L.Ed. 604 (1922). However, as the *Balint* Court noted, this rule has been modified "in respect to prosecutions under statutes the purpose of which would be obstructed by such a requirement." *Id.* at 252, 42 S.Ct. at 302. A recent and relevant example of this modification is found in *United States v. Freed*, 401 U.S. 601, 91 S.Ct. 1112, 28 L.Ed.2d 356 (1971), where the Court held that scienter was not an element of 26 U.S.C. § 5861(d). Under 26 U.S.C. § 5861(d) it is unlawful for a person to receive or possess a firearm which is not registered to him. Freed had claimed he did not know that the hand grenades he had received were not registered. 26 U.S.C. § 5861(d) contains no express requirement of such knowledge.

To determine whether scienter was required regardless of the absence of an express requirement the Court considered two related factors: (1) the nature of act prohibited, that is, whether the act is an innocent or bad act, and (2) the policy behind the enactment, that is, whether it is essentially a regulatory measure whose emphasis is upon the achievement of a social benefit such as public safety rather than punishment for acts motivated by some corrupt motive. *Id.* at 609, 91 S.Ct. 1112, 1118. The Court decided that section 5861 was a "regulatory measure in the interest of public safety, which may well be premised on the theory that one would hardly be surprised to learn that possession of hand grenades is not an innocent act." *Id.* Thus, the Court held that because section 5861 was regulatory in nature and because Freed's act was not an innocent act, scienter need not be proven.

Our case differs from *Freed* in that it is uncontested that the act involved, the purchase of a firearm, is itself an innocent act. *Cf. Adams v. Williams*, 407 U.S. 143, 149–51, 92 S.Ct. 1921, 32 L.Ed.2d 612 (1972) (Douglas, J. concurring and dissenting) (discussing the proposition that the purchase of guns is a constitutional right protected by the Second Amendment). Therefore, two questions must be resolved. First, is section 922(h)(1) a regulatory measure as described in *Balint* and *Freed*? Second, even if it is a regulatory measure, is scienter a necessary element because the prohibited act is "innocent in itself?" *See United States v. Freed*, 401 U.S. 601, 609 n.14, 91 S.Ct. 1112, 28 L.Ed.2d 356 (1971).

It is clear that the Gun Control Act of 1968, of which section 922(h)(1) is a part, is a regulatory measure. As the Supreme Court recently noted:

> [T]he 1968 Act reflects a . . . concern with keeping firearms out of the hands of categories of potentially irresponsible persons, including convicted felons. Its broadly stated principal purpose was "to make it possible to keep firearms out of the hands of those not legally entitled to possess them because of age, criminal background, or incompetency." S.Rep.No.1501, 90th Cong., 2d Sess., 22 (1968). See also 114 Cong.Rec. 13219 (1968) (remarks by Sen. Tydings); *Huddleston v. United States*, 415 U.S. [814] at 824–825, 94 S.Ct. 1262, 39 L.Ed.2d 782.

*Barrett v. United States*, 423 U.S. 212, 220, 96 S.Ct. 498, 46 L.Ed.2d 450 (1976). We believe that Congress' intended goal in enacting the 1968 Act was to combat violence and thereby promote public safety by removing guns from possession by persons felt by Congress to be dangerous. *See United States v. Haddad*, 558 F.2d 968, 972 (9th Cir. 1977); *United States v. Turcotte*, 558 F.2d 893, 896 (8th Cir. 1977).

We now turn to the second question. It may be true that the purchase of handguns in itself is an innocent act and that because of the innocence of the act there exists the possibility of injustice to one who purchases a gun, unaware that he had committed a crime that was punishable by a term of imprisonment exceeding one year. However, we believe that the potential for such injustice is outweighed by the danger created if guns are allowed to fall into the hands of dangerous persons such as felons.

This conclusion is strengthened by the fact that Congress not only placed a duty on purchasers but also on firearms dealers who are required to inquire of customers as to their criminal record. *See* 18 U.S.C. § 922(d)(1). Here, for example, the dealer required Pruner to complete a form prior to

purchase that included the following question:

> "Have you been convicted in any court of a crime punishable by imprisonment for a term exceeding one year? . . . The actual sentence given by the judge does not matter—a yes answer is necessary if the judge could have given a sentence of more than one year." [3]

This question could not have been clearer. Once so questioned, Pruner was put on notice that he must either determine for himself that his past crime did not carry a possible term of imprisonment exceeding one year or risk violating section 922(h)(1).[4] *Cf. United States v. Bergeman*, 592 F.2d 533 (9th Cir. 1979) (despite state expunction one may still be a convicted felon within the terms of section 922(h)(1)). It would be inconsistent with Congress' desire "to maximize the possibility of keeping firearms out of the hands of [felons]," 114 Cong.Rec. 21784 (1968), to allow Pruner simply to ignore this duty which Congress has placed upon all persons wishing to purchase firearms. We therefore conclude that scienter is not an element and that the court did not err in not allowing the jury to consider this defense. *See United States v. Turcotte*, 558 F.2d 893 (8th Cir. 1977). *See also United States v. Potts*, 528 F.2d 883 (9th Cir. 1975) (en banc).

### III

█  Pruner's final argument deals with the fact that 18 U.S.C. § 922(h)(1) and 18 U.S.C.App. § 1202(a)(1) are overlapping statutes. Pruner argues that while he was convicted of violating 18 U.S.C. § 922(h)(1), he could be sentenced only under the provisions of the more lenient statute, 18 U.S.C. App. § 1202(a)(1). This contention has recently been considered and rejected by the Supreme Court in *United States v. Batchelder*, —— U.S. ——, 99 S.Ct. 2198, 60 L.Ed.2d 755 (1979).

The judgment of the district court is accordingly AFFIRMED.

---

3. This question is part of Treasury Form 4473, entitled "Firearms Transaction Record," and is used in the enforcement of the Gun Control Act of 1968.

4. We decline to follow the analysis of *United States v. Renner*, 496 F.2d 922 (6th Cir. 1974), relied on by Pruner.