**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Michael J. INDELICATO,
Defendant-Appellant.**

**No. 85–1187.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted July 14, 1986.

Decided Sept. 30, 1986.

Rudolfo Orjales, Asst. U.S. Atty., San Francisco, Cal., for plaintiff-appellee.

Michael B. Bassi, San Francisco, Cal., for defendant-appellant.

Before BROWNING, Chief Judge, FLETCHER and NELSON, Circuit Judges.

PER CURIAM:

Indelicato appeals his conviction of conspiracy to receive and possess rifles stolen from foreign and interstate shipment in violation of 18 U.S.C. §§ 371 and 549 (1982) (Count I); possession of stolen interstate merchandise in violation of 18 U.S.C. § 549 (Count II); and possession of a firearm while under indictment in violation of 18 U.S.C. § 922(h)(1) (1982) (Count III). We affirm.

The crime of conspiracy is established by an agreement to engage in criminal activity, one or more overt acts taken to implement the agreement, and the requisite intent to commit the substantive crime. *United States v. Kiriki*, 756 F.2d 1449, 1453 (9th Cir.1985). Agreement may be inferred from the facts and circumstances of a case. *Iannelli v. United States*, 420 U.S. 770, 777 n. 10, 95 S.Ct. 1284, 1289 n. 10, 43 L.Ed.2d 616 (1975). The evidence here is sufficient to establish a conspiracy between Indelicato and Eric Rudy. Indelicato sold rifles to Rudy that Rudy later sold to government agents. Indelicato set up and was present at the meeting at his mother's residence at which Rudy sold the rifles to the government agents. Proof that Rudy had the rifles and that Indelicato arranged the sale with Rudy was sufficient in itself to establish the existence of an agreement between the two. Moreover, during the course of the sale, Rudy said the rifles were going to Mexico, a fiction the agents had disclosed only to Indelicato.

It is also clear Indelicato knew the rifles were stolen. The rifles were from a stolen shipment. Indelicato sold the guns well below market value. He told government agents the guns were "hot," having been stolen at Oakland from a boat arriving from Japan, and that their serial numbers could be traced.

Indelicato argues the evidence established Rudy possessed the rifles, but not that Indelicato did. There was direct evidence, however, that Indelicato bought stolen rifles from a co-worker and sold them to Rudy and to another. The evidence that Indelicato possessed the rifles involved in these transactions was substantial.

Indelicato argues a scienter requirement should be implied in 18 U.S.C. § 922(h)(1), which criminalizes possession of a firearm while under indictment. We held in *United States v. Pruner*, 606 F.2d 871, 873–74 (9th Cir.1979), that there was no scienter requirement for possession of a firearm after conviction. Under the rationale of *Pruner* there is no reason to arrive at a different conclusion with respect to possession while under indictment. *See also United States v. Quiroz*, 449 F.2d 583, 584–85 (9th Cir.1971) (no scienter requirement under 18 U.S.C. § 922(g) for interstate transportation of firearms while under indictment for crime punishable by more than one year imprisonment). Indelicato's offer of proof that this provision of the statute is not well known therefore was properly rejected. Since it is conceded that Indelicato was aware of the indictment, *U.S. v. Renner*, 496 F.2d 922, 925–26 (6th Cir.1974) (defendant must know that he is under indictment), is inapposite and we need not address it. *See Pruner*, 606 F.2d at 874 n. 4 (questioning *Renner*'s holding).

■ Indelicato also argues section 922(h)(1) may be unconstitutional absent an implied scienter requirement. *See Lambert v. California*, 355 U.S. 225, 229–30, 78 S.Ct. 240, 243, 2 L.Ed.2d 228 (1957). However, the statute in *Lambert* criminalized felons' failure to register, while section 922(h)(1) criminalizes possession of a gun—an active and potentially dangerous act.

**AFFIRMED.**