860 F.2d 1090
 Unpublished Disposition
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 
 UNITED STATES of America, Plaintiff-Appellee,
v.
Alberto MURRIETTA, Defendant-Appellant.
 No. 88-5043.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Oct. 6, 1988.
Decided Oct. 13, 1988.
 Before PREGERSON, REINHARDT and NOONAN, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 A jury convicted Murrietta of conspiracy to possess and distribute narcotics in violation of 21 U.S.C. Sec. 846 and two counts of possession with intent to distribute narcotics in violation of 21 U.S.C. Sec. 841(a)(1). He appeals. Murietta contends that (1) the district court erred in admitting evidence of a prior conviction; and (2) his convictions are not supported by sufficient evidence. We have jurisdiction under 28 U.S.C. Sec. 1291, and we affirm.
 
 I. PRIOR OFFENSE
 
 3
 Murrietta contends that evidence of his prior conviction should not have been admitted under rule 404(b), rule 403, or rule 609 of the Federal Rules of Evidence. We review a district court's admission of evidence for abuse of discretion. United States v. Jenkins, 785 F.2d 1387, 1396 (9th Cir.), cert. denied, Prock v. United States, 479 U.S. 855, 107 S.Ct. 192, 93 L.Ed.2d 125 (1986) and White v. United States, 479 U.S. 889, 107 S.Ct. 288, 93 L.Ed.2d 262 (1986).
 
 
 4
 Murrietta's contention is without merit. Given the nature of Murrietta's activities and the drug involved here and in the earlier offense, the present case falls under the Mehrmanesh rule that allows admission of a prior drug offense to show knowledge and intent. United States v. Mehrmanesh, 689 F.2d 822, 830 (9th Cir.1982) (earlier drug smuggling conviction involved a different drug and a different mode of transportation).
 
 
 5
 Furthermore, because the evidence of the prior offense had probative value and the trial judge gave careful limiting instructions to the jury in order to minimize the prejudicial impact to the defendant, we cannot say that the district court abused its discretion in determining pursuant to Rule 403 that the prejudicial effect of the evidence did not outweigh its probative value. See id. at 831. Because we have concluded that Murrietta's prior offense is admissible under 404(b), any discussion of its admissibility under Rule 609 for purposes of impeachment is academic.
 
 II. SUFFICIENCY OF THE EVIDENCE
 
 6
 Murrietta also contends that the government failed to meet its burden of proving that Murrietta was a member of the alleged drug conspiracy and that Murrietta possessed cocaine with an intent to distribute it. In determining the sufficiency of the evidence to support a conviction, we must decide whether, viewing the evidence in the light most favorable to the government, "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560, 573 (1979 (emphasis in original); United States v. Penagos, 823 F.2d 346, 347 (9th Cir.1987).
 
 A. Evidence of Conspiracy
 
 7
 Proof of a conspiracy requires three elements: (1) an agreement to accomplish an illegal objective, (2) coupled with one or more acts in furtherance of the objective, and (3) the requisite intent necessary to commit the underlying offense. United States v. Penagos, 823 F.2d 346, 348 (9th Cir.1987) (citing United States v. Indelicato, 800 F.2d 1482, 1483 (9th Cir.1986)). Circumstantial evidence that defendants acted together to achieve the illegal objective may be used to prove the conspiracy. Id. (citing United States v. Disla, 805 F.2d 1340, 1348 (9th Cir.1986).
 
 
 8
 "Once a conspiracy exists, evidence establishing beyond a reasonable doubt defendant's connection with the conspiracy, even though the connection is slight, is sufficient to convict defendant of knowing participation in the conspiracy." Id. (citing United States v. Taylor, 802 F.2d 1108, 1116 (9th Cir.1986), cert. denied, --- U.S. ----, 107 S.Ct. 1309, 94 L.Ed.2d 164 (1987). Evidence of casual association with conspiring people is not enough to establish the requisite connection. United States v. Cloughessy, 572 F.2d 190 (9th Cir.1977).
 
 
 9
 Murrietta contends that even if the government established the existence of a drug conspiracy, the government did not prove that he was a member of the conspiracy. We disagree. The government produced sufficient evidence to indicate that Murrietta was aware of the conspiracy and acted in furtherance of it. Murrietta was present at the drug transaction between Iglesias and DEA agents on September 16, 1986. On September 23, he drove with Iglesias to a house in Hawthorne and stayed inside the house for five minutes. Several days later, DEA agents seized a quantity of cocaine found in the house. On September 24, Murrietta and Iglesias drove by the Hawthorne house four times before Murrietta got out of the car and walked to the house. Murrietta met a man, Rodriguez, at the front of the house who then opened the garage door. After Iglesias drove the car in which Murrietta was a passenger into the garage, Rodriguez closed the garage door. Even though Murrietta was not directly observed handling drugs or watching others handle drugs, these facts tend to show that Murrietta was an active participant in a drug conspiracy. Furthermore, the government offered additional evidence showing that Murrietta knew of and participated in a criminal partnership: Murrietta's flight from the car with Iglesias; the slip of paper found on Murrietta containing markings used for drug inventories; and Murrietta's prior conviction for drug trafficking. These additional facts, coupled with Murrietta's activities while under police surveillance, are evidence of more than a casual association. Such evidence could lead a rational trier of fact to conclude that Murrietta knew of the conspiracy and acted in furtherance of it.
 
 
 10
 The cases upon which Murrietta relies are distinguishable. In United States v. Penagos, the government's case rested on observations of the defendant driving in the company of drug dealers and allegedly engaging in counter-surveillance on behalf of his companions. We found that the government failed to prove that the defendant actually played the role of lookout in a drug conspiracy in part because the government could not offer any other evidence of defendant's connection to the drug dealers. We rejected the government's theory, that defendant was the lookout for his companions, because the "defendant's behavior was perfectly consistent with that of an innocent person having no stake or interest in drug transactions." Id. at 349. Here the inventory list, the abandonment of the car, and the prior conviction serve to contradict Murrietta's contention that his behavior while under surveillance was entirely disconnected from the drug transactions of his companions.
 
 
 11
 B. Evidence of Possession with Intent to Distribute
 
 
 12
 To establish constructive possession of contraband the government is required to show that the defendant knew of the contraband and was capable of exercising dominion and control over it. United States v. Penagos, 823 F.2d at 350; United States v. Rodriguez, 761 F.2d 1339, 1341 (9th Cir.1985). One's presence in an automobile containing narcotics raises a presumption of control over them. Id. at 351.
 
 
 13
 Relying on United States v. Penagos, Murrietta contends that even though his presence in the car and in the garage raises a presumption of control over cocaine, the government failed to provide any evidence that he knew of it. 823 F.2d at 351. We cannot agree. The facts probative of Murrietta's membership in the conspiracy (discussed above) are also probative of his knowledge of the cocaine. We find, therefore, that the government presented sufficient evidence to sustain Murrietta's conviction on all three counts.
 
 
 14
 The district court did not err in admitting evidence of Murrietta's prior narcotics trafficking offense. The prior offense coupled with the government's other evidence is sufficient to sustain Murrietta's conviction on all three counts.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3