15 F.3d 1094
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Julio Cesar URIAS, Defendant-Appellant.
 No. 92-10069.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 13, 1993.*
Decided Feb. 3, 1994.
 
 1
 Before: WALLACE, Chief Judge, GARTH** and WIGGINS, Circuit Judges
 
 
 2
 MEMORANDUM***
 
 FACTS
 
 3
 The prosecution's case against Defendant included testimony from the following: Rudy Lopez, a DEA informant; Elizabeth Frisby, Defendant's cousin; and certain surveillance officers. Lopez testified that Defendant (1) came with Frisby to Lopez's hotel room and participated in the negotiation of an agreement for the sale of 200 to 300 kilos of cocaine; (2) suggested a supplier; and (3) came later with Frisby to the hotel to wait for Frisby while she sold a sample kilo to Lopez and to protect her while she transported the cash proceeds of the sale.
 
 
 4
 Frisby testified that Defendant was not present during the original negotiation, but she also said that she obtained the sample kilo from Defendant, who was supplied by his friend; that she paid Defendant $500 from the sale proceeds; and that she gave Defendant $19,000 to deliver to his friend the supplier. The surveillance officers testified that while Defendant watched outside the hotel room during the sale of the sample kilo, Defendant engaged in surveillance activities, called "heat runs," of the parking lot. Defendant drove slowly around the parking lot, once without lights, peeking into parked cars.
 
 
 5
 Defendant was indicted on two counts: (1) conspiracy to possess with intent to distribute cocaine and (2) possession with intent to distribute cocaine. At the jury trial, the court allowed the prosecution to introduce evidence of Defendant's 1988 conviction for attempted possession of a narcotic drug, a felony. Defendant did not testify. The jury found Defendant guilty of Count (1) but not guilty of Count (2). Defendant challenges the sufficiency of the evidence and admission of his 1988 conviction.
 
 ANALYSIS
 I. Sufficiency of the Evidence
 
 6
 Evidence is sufficient to support a conviction if, " 'reviewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.' " United States v. Bishop, 959 F.2d 820, 829 (9th Cir.1992) (quoting Jackson v. Virginia, 443 U.S. 307, 319 (1979)). "To prove a conspiracy, the government must show ... [, inter alia,] one or more overt acts in furtherance of the conspiracy." United States v. Hernandez, 876 F.2d 774, 777 (9th Cir.), cert. denied, 493 U.S. 863, and cert. denied sub nom., Cardona v. United States, 493 U.S. 863 (1989); United States v. Indelicato, 800 F.2d 1482, 1483 (9th Cir.1986). Defendant asserts that only two items of evidence show such overt acts: (1) Frisby's testimony that Defendant supplied her with cocaine; and (2) Defendant's activities outside the hotel while Frisby sold the sample kilo.
 
 
 7
 As to Frisby's testimony that Defendant supplied her, Defendant argues that because the jury acquitted Defendant on Count (2), the possession count, the jury impliedly rejected that testimony. As to Lopez's testimony regarding his meeting with Frisby and Defendant, Defendant claims Lopez was not credible.
 
 
 8
 As to Defendant's activities outside the hotel on the night of the sale, Defendant argues that this evidence showed "mere proximity to the scene of an illicit activity" and not counter-surveillance which could be an act in furtherance of the conspiracy. Defendant cites United States v. Penagos, 823 F.2d 346 (9th Cir.1987), in which the court found the defendant's somewhat surveillance-like conduct "perfectly consistent with that of an innocent person." 823 F.2d at 349; see also United States v. Sanchez-Mata, 925 F.2d 1166 (9th Cir.1991); United States v. Lopez, 625 F.2d 889 (9th Cir.1980). Defendant further argues that the following cases finding overt acts are distinguishable: United States v. Power, 881 F.2d 733 (9th Cir.1989), because here Defendant possessed no weapons; and United States v. Batimana, 623 F.2d 1366 (9th Cir.), cert. denied, 449 U.S. 1038 (1980), and United States v. Perez, 491 F.2d 167 (9th Cir.), cert. denied sub nom., Lombera v. United States, 419 U.S. 858 (1974), because Defendant neither touched the contraband, possessed a significant amount of money, nor made any statements regarding his alleged participation. Defendant would also have us disbelieve as incredible the surveillance officers' testimony.
 
 
 9
 Appellee counters that "a defendant's presence may support ... an inference [of an overt act] when viewed in context with other evidence." Hernandez, 876 F.2d at 779. The existence of a conspiracy may be proved by circumstantial evidence. Id. at 777; Penagos, 823 F.2d at 348. "[T]he defendant[ ] need only have a slight connection to [an established conspiracy]." Hernandez, 876 F.2d at 779; Penagos, 823 F.2d at 348. Appellee argues that Defendant is similar to the defendant in United States v. Reyes-Alvarado, 963 F.2d 1184 (9th Cir.), cert. denied sub nom., Gonzalez-Ramirez v. United States, 113 S.Ct. 258 (1992), in which the evidence of an overt act was held sufficient. In Reyes-Alvarado, the defendant "was seen looking around" just before the drug transaction, "possibly in a counter-surveillance position. He drove the vehicle with the drugs. He was present when the drug buy took place." 963 F.2d at 1188. A coconspirator had said the defendant was the "right-hand man" of the ringleader of the conspiracy. 963 F.2d at 1186-87.
 
 
 10
 Appellee has the better argument. Considering the evidence in the light most favorable to the government, this court must accept the testimony of Lopez, Frisby, and the surveillance officers which supports the conviction. The argument that such testimony was not credible was for the jury, not this court, to consider. Such evidence is clearly sufficient to support the conviction. Defendant is much more like the defendants in Reyes-Alvarado, Powers, Batimana, and Perez than the defendant in Penagos, Sanchez-Mata, or Lopez. Even if the jury disbelieved that Defendant actually possessed the cocaine, other evidence connecting Defendant with the conspiracy was more than sufficient.
 
 II. Admission of Prior Drug Conviction
 
 11
 We generally review admission of prior act evidence under Fed.R.Evid. 404(b) for abuse of discretion. United States v. Lewis, 837 F.2d 415, 418-19 (9th Cir.), cert. denied, 488 U.S. 923 (1988). Defendant failed to object to the introduction of the conviction, however, so we review instead for plain error. Fed.R.Evid. 103(d); United States v. Khan, 993 F.2d 1368, 1376-77 (9th Cir.1993); see United States v. Gomez-Norena, 908 F.2d 497, 500-01 (9th Cir.), cert. denied, 498 U.S. 947 (1990). "A plain error is a highly prejudicial error affecting substantial rights." Gomez-Norena, 908 F.2d at 501 (quotation attributions omitted).
 
 
 12
 Defendant does not claim that evidence of his prior conviction was admitted for an improper purpose. It was introduced to show knowledge and intent. Rather, Defendant argues that admission for such purposes is proper only when knowledge or intent is a material issue in the case. United States v. Brown, 880 F.2d 1012, 1014 (9th Cir.1989); United States v. Bailleaux, 685 F.2d 1105, 1110 (9th Cir.1982). Defendant claims intent and knowledge were not placed in issue because he did not testify. Defendant also claims the evidence was improper under Fed.R.Evid. 403 because its prejudicial effect exceeded its probative value. He claims Lopez's and Frisby's testimony regarding intent and knowledge made the 1988 conviction unnecessary.
 
 
 13
 In response, Appellee claims, because Defendant did not object below to the conviction's admission, that no appealable issue exists, citing Luce v. United States, 469 U.S. 38 (1984), and United States v. Williams, 939 F.2d 721 (9th Cir.1991). Appellee also notes that this court will generally not consider an issue raised for the first time on appeal; Appellee claims no exceptions to that rule apply in this case. United States v. Kimball, 896 F.2d 1218, 1219 (9th Cir.1990), vacated in part on other grounds, 925 F.2d 356 (9th Cir.1991) (en banc).
 
 
 14
 Alternatively, Appellee claims the evidence was properly admitted under Rule 404(b). Appellee explains that in United States v. McKoy, 771 F.2d 1207, 1214 (9th Cir.1985), this court declined to rule on the precise issue now before the court: whether a plea of not guilty is sufficient to put a defendant's intent or knowledge at issue so as to justify the admission of other acts probative of intent. However, as Appellee notes, this court ruled implicitly in United States v. Mehrmanesh, 689 F.2d 822, 830-33 (9th Cir.1982), and United States v. Bibo-Rodriguez, 922 F.2d 1398, 1401-02 (9th Cir.), cert. denied, 111 S.Ct. 2861 (1991), that admission of other acts under Rule 404(b) to show knowledge and intent was proper even though the defendant did not testify. As to the Rule 403 analysis, Appellee notes that the court gave a limiting instruction and claims that admission was within the court's discretion.
 
 
 15
 We believe the issue is reviewable and that admission of the evidence was not plain error. Luce and Williams both involve only use of prior convictions for impeachment under Fed.R.Evid. 609(a). Luce is therefore not relevant in this context. See 469 U.S. at 41-42. In Williams, we held that the defendant could not complain about a ruling admitting evidence of a prior bad act when the defendant had himself introduced such evidence in anticipation that if he did not, the prosecution would. 939 F.2d at 723-24. In this case, the evidence came from the prosecution. The Kimball rule does not apply merely because evidence was not objected to below; otherwise, there would be no reason for Rule 103(d)'s plain error standard.
 
 
 16
 On the merits, United States v. Hadley, 918 F.2d 848, 851 (9th Cir.1990), cert. granted, 112 S.Ct. 1261, and cert. dismissed as improvident, 113 S.Ct. 486 (1992); and United States v. Spillone, 879 F.2d 514, 518-19 (9th Cir.1989), cert. denied sub nom., Citro v. United States, 498 U.S. 864, and cert. denied, 498 U.S. 878 (1990), hold that when intent is an element of the crime, intent is at issue for purposes of Rule 404(b). These opinions resolve the issue left open in McKoy as it affects this case. Defendant was charged with specific intent crimes. See 18 U.S.C. Sec. 841(a) ("knowingly or intentionally ... possess ... with intent to ... distribute"); Indelicato, 800 F.2d at 1483. Thus, intent was at issue in the case whether the defense raised it or not. The prior conviction is relevant to Defendant's intent and knowledge: It tends to show Defendant understood how drugs are sold and what was going on in the hotel room the night of the sale of the sample kilo. Under Mehrmanesh and Bibo-Rodriguez, that Defendant did not testify does not preclude admission of the prior conviction. The conviction was thus admissible under Rule 404(b).
 
 
 17
 Rule 403 does not prohibit admission of this evidence. The court gave a limiting instruction. Moreover, the jury acquitted Defendant on one count. It appears the jury was not so influenced by the conviction as to ignore evidence and convict Defendant on character alone. The conviction was thus not highly prejudicial. And the conviction was probative of intent, an element of the crime. Admission was therefore not plain error.
 
 CONCLUSION
 
 18
 For the foregoing reasons, we AFFIRM.
 
 
 
 *
 The panel finds this case appropriate for submission without argument pursuant to Fed.R.App.P. 34(a) and 9th Cir.R. 34-4
 
 
 **
 Hon. Leonard I. Garth, Senior United States Circuit Judge for the Third Circuit, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3