**UNITED STATES of America,**

v.

**Deon Montieal CRUDUP, Defendant.**

**No. CRIM. 4:02CR54.**

United States District Court,
E.D. Virginia,
Newport News Division.

Oct. 10, 2002.

Shannon O. McEwen, SAUSA, Lisa McKeel, AUSA, Norfolk, for Government's Attorneys.

Jennifer Elyce Tope Stanton, J.T. Stanton, P.C., Norfolk, for Defendant's Attorneys.

### ORDER AND OPINION [1]

MORGAN, District Judge.

This matter comes before the Court on the Defendant's Motion to Dismiss the in-

---

1. This Order and Opinion corrects certain clerical mistakes and replaces the Order and Opinion issued by this Court on October 2, 2002. *See* FED. R. CRIM. P. 36.

dictment. The Motion was filed on September 24, 2002 and the Government's Opposition Brief was filed on September 26, 2002. The Court held a hearing on the motion prior to commencement of trial on September 26, 2002. The Court denied the Motion to Dismiss the indictment from the bench. Also before the Court is the Defendant's Motion to Dismiss Count Two of the indictment, made on September 26, 2002, at the close of the Government's case-in-chief. The Court denied this latter motion from the bench. This order sets forth more fully the Court's reasoning on both Motions.

*Defendant's Motion to Dismiss the Indictment*

The three count indictment charges Defendant with three instances of possessing a firearm following conviction of a crime punishable by imprisonment for a term exceeding one year, in violation of 18 U.S.C. § 922(g)(1) & § 924(a)(2). The Defendant's Motion to Dismiss attacks the sufficiency of the predicate conviction, a state law conviction adjudged by the Juvenile & Domestic Relations Court in the City of Hampton, Virginia, on January 10, 2000. The Defendant was originally charged in that case with possession of cocaine with intent to distribute in violation of VA. CODE ANN. § 18.2–248 but he was convicted at trial in the Juvenile & Domestic Relations Court for simple possession of cocaine in violation of VA. CODE ANN. § 18.2–250. The Defendant was 16 years of age at the time when the cocaine possession offense was committed, he was 17 years of age on the date of the conviction, and he had reached adulthood on the dates of the offenses charged in the instant indictment. The firearms offenses set forth in the indictment allegedly took place on or about April 1, 2001, May 21, 2001, and January 25, 2002.

The Defendant challenges the adequacy of the predicate conviction relied upon by the Government in two ways. First, based on Virginia statute, Defendant contends that he was not stripped of his civil rights when convicted by the State of Virginia on the possession of cocaine charge in January 2000. Second, and, in reliance on the operation of a different Virginia statute, Defendant alleges that the sentencing authority of the sentencing court was capped at 12 months, thus rendering the predicate conviction incompetent per the terms of 18 USC § 922(g)(1) which specifies that the predicate conviction must be for a crime "punishable by imprisonment for a term exceeding one year". The Court will address each of these arguments in turn.

The Defendant cites VA. CODE ANN. § 16.1–308 to support his contention that he retained his civil rights, to include his right to possess a firearm, in spite of the conviction in the Juvenile & Domestic Relations Court in the City of Hampton on January 10, 2000. The statute cited by the Defendant reads as follows:

> Except as otherwise provided by law for a juvenile found guilty of a felony in circuit court whose case is disposed of in the same manner as an adult criminal case, a finding of guilty on a petition charging delinquency under the provisions of this law shall not operate to impose any of the civil disabilities ordinarily imposed by conviction for a crime, nor shall any such finding operate to disqualify the child for employment by any state or local governmental agency.

VA. CODE ANN. § 16.1–308.

The Government parries with VA. CODE ANN. § 18.2–308.2(A)(ii) to argue that, although juvenile convictions in Virginia may as a general matter leave many of the individual's civil rights intact, the right to possess a firearm is lost in certain circumstances in the aftermath of a juvenile conviction. The statutory provision upon

which the Government relies reads in pertinent part as follows:

> It shall be unlawful for ... any person under the age of twenty-nine who was found guilty as a juvenile fourteen years of age or older at the time of the offense of a delinquent act which would be a felony if committed by an adult ... to knowingly and intentionally possess ... any firearm ....

Va. Code Ann. § 18.2–308.2(A)(ii).

In a prosecution for violation of 18 U.S.C. § 922(g)(1) this Court must look to State law when determining whether the Defendant has lost his civil rights as a result of the State conviction, or had them restored. *See, U.S. v. Parker,* 262 F.3d 415 (4th Cir.2001) (predicate conviction was State conviction from Maryland so Court examined Maryland law to determine status of Defendant's civil rights); *U.S. v. Thomas,* 52 F.3d 82 (4th Cir.1995) (predicate conviction was State conviction from North Carolina so Court examined North Carolina law to determine status of Defendant's civil rights); *U.S. v. Metzger,* 3 F.3d 756 (4th Cir.1993) (predicate conviction was State conviction from Michigan so Court examined Michigan law to determine status of Defendant's civil rights). The predicate conviction in the case at bar was adjudged in the Courts of Virginia and it appears that the Virginia Court of Appeals recently addressed the interplay between the two above-cited statutory provisions in *Griffin v. Virginia,* 33 Va.App. 413, 533 S.E.2d 653 (2000).

The Defendant in *Griffin* was convicted in State court for violation of Va. Code Ann. § 18.2–308.2(A)(ii). This provision is Virginia's "felon in possession of a firearm" statute and it is also the statutory section advanced by the Government in the instant case to support its contention that Crudup's juvenile conviction stripped him of his right to possess a firearm. Virginia must of course proffer a predicate conviction as an essential element of its case in any prosecution under the Virginia "felon in possession of a firearm" statute. The predicate conviction proffered by Virginia to establish Griffin's "felon" status was a guilty finding entered against Griffin some four years earlier in the Juvenile and Domestic Relations Court in Prince William County. The Juvenile and Domestic Relations Court found Griffin guilty of breaking and entering and grand larceny. Thereafter in 1998, having reached adulthood, but not 29 years of age, Griffin was found in possession of a firearm. When he was prosecuted for violation of Va. Code Ann. § 18.2–308.2(A)(ii) Griffin argued, just as Defendant Crudup argues in the instant case, that Va. Code Ann. § 16.1–308 protected his right to possess a firearm in spite of the juvenile conviction. The Virginia Court of Appeals rejected Griffin's argument, holding as follows:

> Additionally, any ambiguity between the juvenile protections under Code § 16.1–308 and possession of a firearm by certain persons convicted as juveniles under Code § 18.2–308.2 must be resolved in favor of Code § 18.2–308.2. "When one statute speaks to a subject in a general way and another deals with a part of the same subject in a more specific manner, the two should be harmonized, if possible, and where they conflict the latter prevails." *Thomas v. Commonwealth,* 244 Va. 1, 23, 419 S.E.2d 606, 618 (1992) (citation omitted). Here, Code § 18.2–308.2, which applies to adult felons and juveniles of a certain age convicted of acts that would be felonies for adults, is the more specific statute and prevails over the general statute concerning collateral disabilities for convicted juveniles.

*Griffin v. Virginia,* 33 Va.App. 413, 429–30, 533 S.E.2d 653 (2000).

In the case at bar Defendant Crudup was fourteen years or older when convicted in the Juvenile & Domestic Relations Court and he had not attained the age of 29 at the time of the gun possession charges alleged in the indictment. For the reasons set forth by the Virginia Court of Appeals in *Griffin*, this Court concludes that Virginia law deprived Crudup of the right to possess firearms until age 29 as a result of his juvenile conviction in the Juvenile & Domestic Relations Court on January 10, 2000 for simple possession of cocaine in violation of VA. CODE ANN. § 18.2–250. This Court, therefore, will not dismiss the indictment simply because VA. CODE ANN. § 16.1–308 left many of the Defendant's civil rights intact. By operation of VA. CODE ANN. § 18.2–308.2(A)(ii), Defendant lost the right to possess a firearm once he was convicted in the Juvenile and Domestic Relations Court for possession of cocaine.

Alternatively, the Defendant argues for dismissal of the indictment in reliance on VA. CODE ANN. § 16.1–284 which states:

> When the juvenile court sentences an adult who has committed, before attaining the age of eighteen, an offense which would be a crime if committed by an adult, the court may impose the penalties which are authorized to be imposed on adults for such violations, not to exceed the punishment for a Class 1 misdemeanor for a single offense or multiple offenses.

*Id.*

Elsewhere the Virginia Code specifies that the maximum term of confinement authorized for conviction for a Class 1 misdemeanor is twelve months. *See* VA. CODE ANN. § 18.2–11(a). From these two statutory provisions Defendant reasons that the sentencing authority of the Juvenile & Domestic Relations Court that sentenced Crudup was capped at 12 months, thus rendering the predicate conviction incompetent per the terms of 18 USC § 922(g)(1) which specifies that the predicate conviction must be for a crime "punishable by imprisonment for a term *exceeding* one year" (emphasis added).

The Government argues in reply that the authorized term of confinement is that identified with the statutory offense for which Defendant was convicted. The Defendant in the instant case was convicted of simple possession of cocaine, a class 5 felony. *See* VA. CODE ANN. § 18.2–250. The authorized term of confinement following conviction for this offense is "not less than one year nor more than ten years". *See* VA. CODE ANN. § 18.2–10(e). The conviction, therefore, easily satisfies the "exceeding one year" requirement for predicate convictions in 18 USC § 922(g)(1).

The issue thus presented is whether 18 USC § 922(g)(1) assesses the competency of a predicate conviction by reference to the sentencing authority reposed in the court that adjudged the conviction or instead by reference to the imprisonment options inherent in the offense that has been charged. The answer is found in the plain language of 18 USC § 922(g)(1) which states that "[i]t shall be unlawful for any person ... who has been convicted in any court of ·... a crime *punishable* by imprisonment for a term exceeding one year" to possess a firearm (emphasis added). By possessing cocaine the Defendant placed himself in jeopardy of a term of confinement up to ten years. That the Defendant was actually sentenced to a shorter term than that is of no moment because the federal statute is concerned with the extent to which the offense is *punishable*, not the extent to which the offense was actually *punished.* Several appellate court decisions, and one district court opinion, have analyzed situations closely analogous to the facts presented in the case at bar and each of those prior

precedents confirms the accuracy of this approach. In each of the precedents cited, it was the imprisonment option inherent in the offense that was charged that was controlling, as opposed to the sentence actually imposed. *See, U.S. v. Coleman,* 158 F.3d 199, 203–04 (4th Cir.1998); *U.S. v. Arnold,* 113 F.3d 1146, 1148 (10th Cir.1997); *U.S. v. Currier,* 821 F.2d 52, 58–59 (1st Cir.1987); *U.S. v. Pruner,* 606 F.2d 871 (9th Cir.1979); *U.S. v. Ingram,* 164 F.Supp.2d 310, 316–17 (N.D.N.Y. 2001). The limited sentencing authority reposed in the Juvenile and Domestic Relations Court in the case at bar is unimportant because the Commonwealth of Virginia enjoyed the discretion to prosecute the Defendant for possession of cocaine in the Circuit Court, *see* VA. CODE ANN. § 16.1–269.1, as opposed to adjudication in the Juvenile and Domestic Relations Court. Moreover, focusing on the imprisonment options inherent in the offense that was charged furthers the public safety objective of keeping firearms out of the hands of juveniles and young adults who were convicted as juveniles, age fourteen or older, of what would have been a felony if they had been tried as adults. This approach likewise avoids the perverse incentive that might otherwise arise for prosecutors in drug possession cases comparable to Crudup's to bypass the Juvenile and Domestic Relations Court in favor of the Circuit Court, thus curtailing access to the forum designed to supervise, care for and rehabilitate juvenile offenders.

Because VA. CODE ANN. § 18.2–308.2(A)(ii) stripped Defendant of the right to possess a firearm once he was convicted in the Juvenile and Domestic Relations Court for possession of cocaine, and because the offense for which he was convicted in Juvenile and Domestic Relations Court was punishable by a term of imprisonment exceeding one year, the Defen-

dant's Motion to Dismiss the indictment is **DENIED.**

### Defendant's Motion to Dismiss Count II of the Indictment

Count II of the indictment alleges that the Defendant possessed a ".22 caliber revolver handgun" on or about May 21, 2001 in Hampton, Virginia, and that the handgun had been shipped and transported in interstate commerce. The Government's evidence at trial on Count II consisted of the testimony from two witnesses, Marcus Hunt and Herb Tatem. The Government did not produce at trial the handgun at issue in Count II.

Marcus Hunt is a 19 year old man who testified that he left his job at a McDonald's Restaurant on foot when he encountered Defendant on the evening of May 21, 2001. It was between 8:00 p.m. and 9:00 p.m. according to Hunt and he was headed to a convenience store to buy soft drinks and cigarettes. Hunt testified that the Defendant approached him and the two conversed in a friendly manner for a time as they walked together. At some point the conversation turned unfriendly and, according to Hunt, the Defendant pulled out a gun. Hunt described the gun as a chrome plated revolver marked with ".22 caliber" on its side. Hunt stated that he observed the gun for approximately one minute, that it was pointed directly at his chest, and that the gun was in fact touching Hunt's chest for much of the time. Based on the Court's ruling on Defendant's Motion in Limine, Hunt was not permitted to describe the reason that the Defendant pointed the gun at him. The Government's proffer was that, if Hunt were permitted to testify concerning these matters, his testimony would be that Defendant robbed Hunt.

Herb Tatem is a Special Agent with the Bureau of Alcohol, Tobacco and Firearms with 32 years of experience in the origin of

firearms and their movement in interstate commerce. The majority of his testimony related to Counts I & III for which the Government produced the firearms at trial. Tatem testified that he test fired both weapons and found them to be operational and he further testified that both weapons were manufactured at a location outside the borders of Virginia. Regarding the weapon alleged in Count II, Tatem testified that there are no manufacturers of .22 caliber handguns in the Commonwealth of Virginia.

At the close of the Government's case-in-chief the Defendant moved to dismiss Count II on the grounds that the Government's proof failed to establish that the alleged gun was a "firearm" as that term is defined in 18 USC § 921(a)(3) and failed to establish that the alleged gun had been shipped or transported in interstate commerce as required by 18 USC § 922(g).

In this Circuit, *see U.S. v. Willis*, 992 F.2d 489, 491 n. 2 (4th Cir.1993); *U.S. v. Jones*, 907 F.2d 456, 460 (4th Cir.1990), *cert. denied*, 498 U.S. 1029, 111 S.Ct. 683, 112 L.Ed.2d 675 (1991), and every other Circuit that has considered the question, *see Parker v. U.S.*, 801 F.2d 1382 (D.C.Cir. 1986); *U.S. v. Lankford*, 196 F.3d 563 (5th Cir.1999); *U.S. v. Hayes*, 919 F.2d 1262 (7th Cir.1990); *U.S. v. Adams*, 137 F.3d 1298 (11th Cir.1998), the rule is that the Government is not required to admit the firearm into evidence or to test fire the firearm to prove that the weapon is operable. The Government may instead rely on lay testimony to establish that the weapon is operable. In *Jones*, the Fourth Circuit held that testimony from five eyewitnesses that the gun was used in a robbery provided evidence from which rational triers of fact could find guilt beyond a reasonable doubt on the firearms charge at issue in that case. 907 F.2d at 460. In *Parker*, the D.C. Circuit ruled that the jury could infer that a gun used during a robbery was

loaded in the absence of direct proof that the chambers contained bullets. The Court reasoned that the act of threatening others with a gun is tantamount to saying that the *gun is loaded and that the gun* wielder will shoot unless his commands are obeyed. 801 F.2d at 1384–85.

■ In the instant case, Hunt offered a detailed description of the gun and testified that the Defendant used the gun in a threatening manner. Consistent with the rule established in the above-cited cases, this evidence is enough for the jury to infer that the gun was a "firearm" as that term is defined in the statute. *See* 18 USC § 921(a)(3).

■ The Defendant's alternative ground for seeking dismissal of Count II was his contention that the Government's evidence failed to establish that the alleged gun had been shipped or transported in interstate commerce as required by 18 USC § 922(g). It is well established, however, that the Government can meet its burden of proof in this regard by demonstrating that the gun was manufactured outside the State in which the defendant was found to possess it. *See, U.S. v. Gallimore*, 247 F.3d 134, 138 (4th Cir.2001); *see also, U.S. v. Smith*, 101 F.3d 202, 215 (1st Cir.1996), *cert. denied*, 520 U.S. 1160, 117 S.Ct. 1345, 137 L.Ed.2d 503 (1997); *U.S. v. Fitzhugh*, 984 F.2d 143, 146 (5th Cir.1993). Special Agent Tatem's testimony that there are no manufacturers of .22 caliber handguns inside the Commonwealth of Virginia, when coupled with Hunt's testimony that the Defendant possessed the .22 caliber handgun inside Virginia, are fatal to the Defendant's argument challenging the Government's proof relative to the interstate commerce issue.

Because the Government's proof on Count II would enable a rational jury to infer that Defendant possessed a firearm, as that term is defined in 18 USC

§ 921(a)(3), and because the Government's proof likewise would enable a rational jury to infer that the weapon alleged in Count II moved in interstate commerce, the Defendant's Motion to Dismiss Count II is **DENIED.**[2]

### ORDER

For the foregoing reasons, the Court DENIES the Defendant's Motion to Dismiss the Indictment and DENIES the Defendant's Motion to Dismiss Count II of the Indictment. The Clerk is REQUESTED to mail a copy of this Order to all counsel of record.

It is so ORDERED.

---

**2.** At the conclusion of the trial, the jury found the Defendant Not Guilty on Count II.