**UNITED STATES OF AMERICA, Plaintiff,**
**v.**
**D.H. (A Juvenile), Defendant.**

Crim. No. 95-37

District Court of the Virgin Islands

Division of St. Thomas and St. John

July 1, 1998

Kim Chisolm, Assistant U.S. Attorney, *for plaintiff.*

Iver Stridiron, St. Thomas, *for defendant.*

Moore, C.J.

**MEMORANDUM**

### INTRODUCTION

The government moves to reconsider the Court's Order denying a motion to correct judgment in which the Court re-emphasized its denial of pre-sentence credit to a juvenile committed as delinquent

under the Federal Juvenile Delinquency Act. The government argues that the Attorney General of the United States has the sole authority to determine presentence credit matters, citing *United States v. Wilson*, 503 U.S. 329, 117 L. Ed. 2d 593, 112 S. Ct. 1351 (1992) and that the Court failed to recognize the criminal nature of juvenile detention.

## Authority of the Attorney General

■ This Court does not contest the idea that the United States Attorney General has the authority to determine credit for presentence time served by an adult, under 18 U.S.C. § 3585(b), nor does the Court gainsay that this authority has been delegated to the Bureau of Prisons ["BOP]". What the Court ruled and here reiterates is that this only applies to a prisoner who is entitled to such pre-sentence credit, *i.e.*, an adult defendant who was sentenced as an adult. By its very terms section 3585 applies only to a "defendant." A juvenile committed under the Federal Juvenile Delinquency Act is not a person entitled to such credit.[1]

The government attempts to attach some meaning to the fact that the Juvenile Delinquency Act is codified within the federal Criminal Code, Title 18, United States Code, and that certain terms, such as "official detention" are used both in section 3585 and section 5037. The Government chooses to ignore that with juveniles, "prosecution results in an adjudication of status - not a criminal conviction." *United States v. Brian N.*, 900 F.2d 218, 220 (10th Cir. 1990). This would also ignore the whole purpose of treating minors as juveniles to take them out of the criminal process and avoid the stigma of a criminal conviction. It is similarly specious for the Government to contend that D.H. is a "defendant" who "is serving a sentence for a federal crime in a

---

[1] Moreover, an adult offender sentenced under 18 U.S.C. § 3585(b) has a right to **judicial review** of his credit. *Wilson* , 503 U.S. 329, 337, 117 L. Ed. 2d 593, 112 S. Ct. 1351 (Stevens, J., dissenting) (citing *Chua Han Mow v. United States*, 730 F.2d 1308, 1313 (9th Cir. 1984), *cert. denied*, 470 U.S. 1031, 84 L. Ed. 2d 790, 105 S. Ct. 1403 (1985). Thus, the sentencing court is not divested of all authority even in adult cases.

The government attached to its motion Policy Statement 7600.51 of the BOP, apparently dated October 30, 1969. The BOP adopted uncited opinions that the Bail Reform Act, which provided for pre-sentence credit, applied to Youth Corrections Act commitments. The Youth Corrections Act has been repealed and there is no basis to extend interpretations of that act to the new act.

federal penal facility." (Mot. for Recons. at 2.) D.H. categorically is not a "defendant." D.H. is an adjudicated juvenile delinquent. While he is in official detention, he is not serving a "sentence" for a federal crime. D.H. is being detained because he admitted to committing acts of juvenile delinquency, any one of which "**would have been** a crime if committed by an adult." 18 U.S.C. § 5031 (emphasis added).

Section 3551 requires a "defendant who has been found guilty of an offense described in any Federal statute" to be sentenced per Chapter 227 in Part II of Title 18, United States Code, which includes section 3585. Section 3585 applies to "defendant" serving a sentence imposed for the "commission of an offense." "Offense" is not an act of "juvenile delinquency," rather "juvenile delinquency" is a "violation of a law of the United States committed by a person prior to his eighteenth birthday which would have been a crime if committed by an adult or a violation by such a person [a juvenile] of § 922(x)." 18 U.S.C. § 5031. D.H. was committed to official detention under section 5037 as a juvenile whom the Court found to have committed acts of juvenile delinquency. Since he is not in official detention under a sentence after being found guilty of a criminal offense, section 3585 does not apply and he is not entitled to presentence credit.

Section 5037 contains the dispositional provisions for juvenile delinquency proceedings and is set forth in Chapter 403 in Part IV of Title 18. Chapter 403 maintains the distinction between criminal proceedings against adults and juvenile delinquency proceedings for the correction of persons under the age of 18. Thus, section 5037 applies to a juvenile who has been found to have committed an act of juvenile delinquence. It was therefore necessary for Congress to specify those provisions of the adult criminal code which could be considered by the court at the juvenile delinquency dispositional hearing. Specifically incorporated in section 5037 are policy statements of the Sentencing Commission promulgated under 28 U.S.C. § 994, restitution per 18 U.S.C. § 3556, and the provisions of Chapter 207 of the adult criminal code for release or detention pending appeal. Certain portions of the Probation subchapter of chapter 227 on criminal sentencing are applied to limit the probation which may be imposed on a juvenile: "the maximum term that

would be authorized by section 3561(c) if the juvenile had been tried and convicted as an adult." 5037(b)(1)(B) and (b)(2)(B). The adult conditions of probation, running of the term of probation, and revocation of probation, 18 U.S.C. §§ 3563, 3564, 3565, respectively, are also made applicable to the juvenile disposition. Similarly, the adult **postsentence** administrative provision for release of section 3624, including credit for "good time" served after disposition is made "applicable to an order placing a juvenile under detention." 18 U.S.C. § 5037(c).

■ Significantly, the provision for credit for time served in pretrial custody of 3585 is not one of those specifically included. Upon examination, this exclusion of an automatic credit for time service makes sense in the juvenile context. The dispositional alternatives available to the Court in a juvenile proceeding are already severely limited by the age of the juvenile at time of disposition and an absolute maximum of five years if the minor has been convicted as an adult of a Class A, B, or C felony. 18 U.S.C. § 5037(c)(2)(A). In some instances of particularly violent acts of juvenile delinquency, the Court may conclude that the interests of justice require the detention of the juvenile for the full five years past the dispositional hearing. This is the case here. The heinous, violent and senseless acts for which D.H. was found delinquent warranted punishment of much more than the maximum of five years allowed by the federal juvenile delinquency provisions. Indeed, his adult co-defendants were each sentenced to twenty-five years on the federal and territorial offenses, to run consecutively with each other for a total of fifty years in prison! The idea that D.H. should get the benefit of credit for time served before disposition, in addition to the tremendous leniency he has already received by being treated as a juvenile, is obscene.

### Criminal Nature/Maximum Term

The government's second contention is that the criminal nature of imposing a sentence for juvenile delinquency requires strict construction, and that the maximum term a juvenile offender can receive for acts of federal juvenile delinquency can be no more than what he would actually have received as an adult for the same acts. *See United States v. R. L. C.*, 503 U.S. 291, 117 L. Ed. 2d 559, 112 S. Ct.

1329 (1992), *aff'g* 915 F.2d 320 (8th Cir. 1990). This would turn the rules of statutory construction on their heads. It is precisely because an act of juvenile delinquency is not a crime that the maximum limits of adult punishment must be imported specifically into the dispositional provisions for juveniles.

Moreover, the government's position fails to consider that this is not a case of sentencing disparity between a juvenile and an adult, in which an adult could potentially serve less time for these same acts because of pre-sentence credit under section 3585. As has already been discussed, were this juvenile offender to be tried and sentenced as an adult for his murderous acts he would have received a much greater sentence, even with pre-sentence credit. Those committing these acts alongside D.H. received greater sentences by a factor of ten. This is the reason the Court insisted and insists the D.H. serve his full period of "official detention."

## CONCLUSION

█ The juvenile is not entitled to pre-sentence credit and therefore the BOP has no authority to determine such. There is no sentencing disparity in such a crime since the juvenile would have received a greater sentence if an adult. Therefore, the motion to reconsider will be denied.