**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Frederick Cornelius HOSTON, Defendant-Appellant.**

**No. 15146.**

United States Court of Appeals Seventh Circuit.

Dec. 8, 1965.

John J. Cleary, Chicago, Ill., for appellant, Frederick C. Hoston, in pro. per.

Alfred W. Moellering, U. S. Atty., Joseph F. Eichhorn, Asst. U. S. Atty., Fort Wayne, Ind., for appellee.

Before DUFFY, CASTLE and SWYGERT, Circuit Judges.

DUFFY, Circuit Judge.

After proceedings under the Federal Juvenile Delinquency Act, 18 U.S.C., Sections 5031–5037, defendant-appellant, then seventeen years of age, was committed to the custody of the Attorney General of the United States during his minority. The issue before this Court is the propriety of the District Court's denial of defendant's motion for leave to withdraw his plea of guilty.

Defendant was charged with violation of Title 18, U.S.C. § 2312, interstate transportation of a stolen motor vehicle. Defendant appeared without counsel before the Court for arraignment and disposition. After having been advised of his right to be tried as an adult in a criminal trial, or as a juvenile under the Federal Juvenile Delinquency Act, defendant executed a written consent to be proceeded against under the Act. The Court then asked him—"Do you want to be represented by a lawyer, or do you want to proceed today?" The defendant answered—"I want to proceed today." Earlier, the Court had advised defendant that he had the right to have the services of an attorney to advise him.

■ A proceeding under the Federal Juvenile Delinquency Act is not a criminal trial. Congress has removed the criminal stamp from proceedings under the Act. The proceeding shall be without a jury, and such proceeding results in the adjudication of a status rather than a conviction of a crime (80th Cong. House Report No. 304).

After defendant's plea of guilty, the District Court had the option to place defendant on probation for a period not exceeding his minority or to commit him to the custody of the Attorney General for a like period. A juvenile delinquent who has been committed and who, by his conduct, has given sufficient evidence that he has reformed, may be released on parole at any time. 18 U.S.C. § 5037.

A juvenile is, of course, entitled to his constitutional rights. However, from the comments made by the District Judge, it is apparent defendant knew of his right to be represented by counsel.

■ On this appeal, counsel suggests that appellant was entitled to counsel when he elected whether to be proceeded against under the Act. It is difficult indeed to imagine, under the circumstances present here, that a defendant would elect to be proceeded against in a criminal case rather than in a proceeding under the Juvenile Delinquency Act. We think the waiver of assistance of counsel was intelligently made. Certainly, there has not been shown any "manifest injustice" to the defendant so as to allow withdrawal of a guilty plea after sentencing under Rule 32(d) of the Federal Rules of Criminal Procedure. The transcript shows defendant made voluntary admissions of his guilt, and it is important to note the defendant does not deny his guilt on this appeal.

We wish to thank John C. Cleary of the Chicago Bar for his services in this Court. In his brief and on oral argument, he has made an excellent presentation.

The order of the District Court denying leave to withdraw defendant's plea of guilty is

Affirmed.

CASTLE and SWYGERT, Circuit Judges, concur in the result.