**UNITED STATES of America**

v.

**Christopher WALTERS, Defendant.**

**No. CRIM.A.3:02CR155.**

United States District Court,
E.D. Virginia,
Richmond Division.

Oct. 4, 2002.

Tuong T.H. Pham, Office of the U.S. Attorney, Richmond, VA, for Plaintiff.

Paul G. Gill, Office of the Federal Public Defender, Richmond, VA, for Defendant.

## MEMORANDUM OPINION

Richard L. WILLIAMS, Senior District Judge.

This matter is before the Court on the defendant's motion to dismiss under Federal Rule of Criminal Procedure 12.[1] The defendant, Christopher Walters ("Walters" or "defendant"), is charged in a one-count indictment with Possession of a Firearm by a Felon, in violation of Title 18, United States Code, Section 922(g)(1).

■ The defendant was born on January 16, 1982. The alleged predicate convictions arise from his being adjudicated a juvenile delinquent and sentenced accordingly by the City of Richmond Juvenile and Domestic Relations Court in 1996, when the defendant was fourteen years old. The juvenile adjudications involved Possession of Cocaine with Intent to Distribute and Distribution of Cocaine, both on October 25, 1996, and Possession of Cocaine with Intent to Distribute on December 20, 1996, charges that could have been classified as felonies for adult prosecutions. However, Walters was not prosecuted as an adult or sentenced by a state circuit court. The parties agree that Walters has no adult felony convictions.

Title 18, United States Code, Section 922(g) states in relevant part:

It shall be unlawful for any person -

(1) who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year; ...

to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or am-

munition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.

18 U.S.C. § 922(g). The issue is whether any of Walters' prior juvenile adjudications qualify as a prior conviction of a crime punishable by imprisonment for a term exceeding one year within the meaning of Section 922(g)(1). Section 921 of Title 18 contains numerous definitions but does not define the terms "conviction," "crime," or "imprisonment." The Court has reviewed the Federal Juvenile Delinquency Act (FJDA) and other federal statutes for guidance, presuming that the terms used in Section 922(g)(1) are "harmonious with existing law and its judicial construction." *United States v. Langley,* 62 F.3d 602, 605 (4th Cir.1995) (citations omitted), *cert. denied,* 516 U.S. 1083, 116 S.Ct. 797, 133 L.Ed.2d 745 (1996).

Federal law defines "juvenile delinquency" as a violation of law by a minor that "would have been a crime if committed by an adult or a violation by such a person of section 922(x)." 18 U.S.C. § 5031. Under federal law, a juvenile is not "convicted" of anything. Instead, the Court adjudicates whether or not the juvenile is a "delinquent." Under the FJDA, "prosecution results in an adjudication of status—not a criminal conviction." *United States v. Brian N.,* 900 F.2d 218, 220 (10th Cir.1990) (quoting *United States v. Frasquillo-Zomosa,* 626 F.2d 99, 101 (9th Cir.), *cert. denied,* 449 U.S. 987, 101 S.Ct. 405, 66 L.Ed.2d 249 (1980)). *See also United States v. D.H.,* 12 F.Supp.2d 472, 474 (D.Vi.1998); *United States v. Hoston,* 353 F.2d 723, 724 (7th Cir.1965). The FJDA demonstrates Congress's perspective that

---

1. Although the government initially objected to the motion to dismiss as time-barred, the government has waived this objection.

juvenile delinquency adjudications are distinct from criminal convictions.

■ Perhaps more compelling is the definition of "violent felony" in Section 924(e)(2)(B), which includes the language from Section 922(g)(1) that is in dispute here, follows that language by the disjunctive "or," and then includes language referring to some types of acts of juvenile delinquency. It states:

(2) As used in this subsection -

.    .    .    .    .

(B) the term "violent felony" means any crime punishable by imprisonment for a term exceeding one year, or any act of juvenile delinquency involving the use or carrying of a firearm, knife, or destructive device that would be punishable by imprisonment for such term if committed by an adult, that -

(i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or

(ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another;

18 U.S.C. § 924(e)(2)(B). Section 924(e)(2)(C) is also instructive. It states: "(C) the term 'conviction' includes a finding that a person has committed an act of juvenile delinquency involving a violent felony." Thus, the language in Section 924(e)(2)(C) clarifies that the term "conviction" includes an adjudication of juvenile delinquency *if* that act of juvenile delinquency involved a "violent felony," as defined in this subsection. If the term "conviction" always included an adjudication of juvenile delinquency, then Section 924(e)(2)(C) would instead be worded in such a way as to *exclude* all adjudications of juvenile delinquency *except* those involving a violent felony. Accordingly, Section 924(e) supports the defendant's position

that the language in Section 922(g)(1) *excludes* acts of juvenile delinquency. This interpretation is also supported by the maxim of statutory construction that "it is generally presumed that Congress acts intentionally in the disparate inclusion or exclusion" of particular language in a statute. *Blackburn v. Reich,* 79 F.3d 1375, 1383 (4th Cir.1996).

The decision of the United States Court of Appeals for the Fourth Circuit in *United States v. Lender,* 985 F.2d 151 (4th Cir.1993) is also instructive. In that case, the defendant had a prior conviction for breaking and entering. The defendant was a juvenile at the time of that prior conviction but was prosecuted and convicted as an adult by the state of North Carolina. In reaching its decision, the Fourth Circuit recited the definition of "violent felony" from Section 924(e)(2)(B) and held the defendant's prior conviction for breaking and entering to be a countable predicate offense for purposes of the Armed Career Criminal Act enhancements. The Court noted that "Congress has expressed its intention here to follow the state's decision" regarding "[the] point [at which] adult treatment for a particular offense is indicated." *Id.* at 156–57. Section 921(a)(20), on which the Court of Appeals relied, states:

What constitutes a conviction of such a crime shall be determined in accordance with the law of the jurisdiction in which the proceedings were held. Any conviction which has been expunged, or set aside or for which a person has been pardoned or has had civil rights restored shall not be considered a conviction for purposes of this chapter, unless such pardon, expungement, or restoration of civil rights expressly provides that the person may not ship, transport, possess, or receive firearms.

18 U.S.C. § 921(a)(20). The Court of Appeals' decision confirms that the state's decision—whether to prosecute as a juvenile or as an adult—is determinative. In Lender's case, since the state of North Carolina prosecuted him as an adult, the first part of the "violent felony" definition in Section 924(e)(2)(B) applied. If the defendant had been prosecuted as a juvenile, then the second part of the definition would have applied, rather than the first part. In Walters' case, the Commonwealth of Virginia prosecuted him as a juvenile. Accordingly, *Lender* supports the conclusion that the three juvenile adjudications in 1996 do not count as predicate offenses for Section 922(g)(1) purposes.

The Court has considered but disagrees with the government's argument based on Virginia Code Section 18.2–308.2 which states in pertinent part:

> A. It shall be unlawful for (i) any person who has been convicted of a felony or (ii) any person under the age of twenty-nine who was found guilty as a juvenile fourteen years of age or older at the time of the offense of a delinquent act which would be a felony if committed by an adult, whether such conviction or adjudication occurred under the laws of this Commonwealth, ... to knowingly and intentionally possess or transport any firearm ....

The government argues that under Section 18.2–308.2 the Commonwealth of Virginia allows an individual's prior juvenile felony adjudication to be used as a predicate felony. Therefore, it argues, since Congress defers to a state's determination as to what would be considered a predicate felony offense under Section 921(a)(20), the defendant's prior juvenile adjudications can be used as predicate offenses under Section 922(g)(1), since the conditions in Section 18.2–308.2 are met: Walters was fourteen years of age at the time of the offenses and the offenses would be felonies if committed by an adult.

The Court disagrees. The Commonwealth has determined that two categories of persons shall be prohibited from possessing a firearm within the Commonwealth of Virginia: (1) any person who has been convicted of a felony, and (2) any person with a juvenile adjudication, under the specific conditions as set forth in Section 18.2–308.2(ii). This Virginia statute actually supports the defendant's position, since the Commonwealth clearly distinguishes between "a person who has been *convicted of a felony* " and a person with a juvenile adjudication. Further, while the Commonwealth of Virginia has chosen to prohibit certain persons with juvenile adjudications from possessing firearms, the United States has not.

Finally, the rule of lenity also supports the defendant's construction of the language in Section 922(g)(1). *See United States v. Granderson,* 511 U.S. 39, 53–54, 114 S.Ct. 1259, 127 L.Ed.2d 611 (1994) ("where text, structure, and history fail to establish that the Government's position is unambiguously correct—we apply the rule of lenity and resolve the ambiguity in [the defendant's] favor"). *See also Dunn v. United States,* 442 U.S. 100, 112, 99 S.Ct. 2190, 60 L.Ed.2d 743 (1979) (noting that the Court's "long-established practice of resolving questions concerning the ambit of a criminal statute in favor of lenity ... is rooted in fundamental principles of due process which mandate that no individual be forced to speculate, at peril of indictment, whether his conduct is prohibited.").

For these reasons, the Court GRANTS the motion to dismiss the indictment.

An appropriate Order shall issue.

### *FINAL ORDER*

For the reasons stated in the accompanying Memorandum Opinion, the Court GRANTS the defendant's motion to dismiss the indictment.

It is so ORDERED.

Let the Clerk send a copy of this Order and the accompanying Memorandum Opinion to all counsel of record.