**UNITED STATES of America**

v.

**DeAndre Avion DAVIS**

No. 3:01CR328.

United States District Court,
E.D. Virginia,
Richmond Division.

Dec. 19, 2002.

Tony Pham, Esquire, Special United States Assistant Attorney, United States Attorney's Office, Richmond, VA, for Government.

Robert J. Wagner, Esquire, Office of the Public Defender, Richmond, VA, for Defendant.

## MEMORANDUM OPINION

PAYNE, District Judge.

This matter is before the Court on the motion of the Defendant, DeAndre Davis, to dismiss the Indictment that charges him with a violation of 18 U.S.C. § 922(g) by being both a felon in possession of a firearm and a drug user in possession of a firearm. The Defendant's motion raises the issue whether an adjudication of juvenile delinquency in the courts of the Commonwealth of Virginia for an offense that carries a maximum term of imprisonment exceeding one year qualifies as a "conviction" of "a crime punishable by imprisonment for a term exceeding one year" under 18 U.S.C. § 922(g)(1). For the reasons that follow, the Court concludes that an adjudication of delinquency is not a "conviction" under Virginia law, and grants the motion to dismiss the Indictment.

## STATEMENT OF FACTS

On August 29, 2001, detectives from the Richmond Police Department's Narcotics Unit found DeAndre Davis in possession of a Smith & Wesson 9 mm semiautomatic pistol. After learning that Davis previously had been found guilty in Virginia state court of two offenses, unauthorized use of an auto and grand larceny, each of which is punishable, under Virginia law, by a term of imprisonment exceeding one year, the United States charged Davis with being a user and/or felon in possession in a

one count indictment. On June 17, 2002, Davis, on the advice of counsel and pursuant to a verbal plea agreement, pled guilty to a one count superseding criminal information that charged him only with being a felon in possession of a firearm.

In deciding to plead guilty, Davis, upon advice of counsel, assumed that the two juvenile adjudications mentioned above qualified as "convictions" of crimes punishable by imprisonment for a term exceeding one year, thereby placing him within the proscriptive ambit of § 922(g)(1). Neither Davis nor the United States appear to have attached any significance to the fact that Davis was a juvenile when he committed the acts that led to those adjudications, or the fact that the Virginia courts treated him as a juvenile when he was prosecuted for each offense. However, shortly after entry of the guilty plea, counsel for Davis concluded that adjudications of delinquency did not qualify as "convictions" within the meaning of § 922(g)(1), and, on September 19, 2002, Davis filed a motion to withdraw his guilty plea because he was legally innocent of the crime to which he had pled guilty. Aided significantly by the fact that, on October 4, 2002, Judge Williams of this Court issued an opinion in a similar case that concluded that adjudications of juvenile delinquency did not qualify, under § 922(g)(1), as convictions of crimes punishable by imprisonment for a term exceeding one year, even though the offenses could have been classified as felonies had the defendant been tried as an adult, *see United States v. Walters*, 225 F.Supp.2d 684 (E.D.Va.2002), Davis demonstrated a plausible theory of legal inno-

cence. He also satisfied the other applicable criteria for withdrawing the plea of guilty. *See* Fed.R.Crim.P. 32(e); *United States v. Moore*, 931 F.2d 245, 248 (4th Cir.1991). Thus, his motion to withdraw the guilty plea was granted.[1] The conviction was set aside, but no date was set for trial because the defendant advised that he intended to file a motion to dismiss the Indictment on the ground that neither juvenile adjudication constituted a previous felony within the meaning of § 922(g)(1). A briefing schedule was set, the motion to dismiss the Indictment was filed, briefing was completed and a hearing was held.

## DISCUSSION

The statute under which Davis was indicted, 18 U.S.C. § 922(g)(1), forbids any person "who has been *convicted* in any court of, *a crime punishable by imprisonment for a term exceeding one year*" from possessing a firearm. (emphasis supplied). The terms used in § 922(g)(1) are defined in § 921, which, in pertinent part, provides the following guidance respecting the term, "a crime punishable by imprisonment for a term exceeding one year":

The term "crime punishable by imprisonment for a term exceeding one year" does not include—

(A) any Federal or State offenses pertaining to antitrust violations, unfair trade practices, restraints of trade, or other similar offenses relating to the regulation of business practices, or

(B) any State offense classified by the laws of the State as a misdemeanor and

---

1. The withdrawal of the plea voided the verbal plea agreement and with it, the superseding criminal information, at which point, the original Indictment became once again the operative charging document. At the October 31 hearing, the United States represented that it intended to proceed only on that portion of the Indictment charging Davis with being a felon in possession of a firearm, and requested that the Court strike that portion of the Indictment charging Davis with being a user in possession. That portion of the Indictment has been so stricken.

punishable by a term of imprisonment of two years or less.

What constitutes a conviction of such a crime shall be determined in accordance with the law of the jurisdiction in which the proceedings were held.

18 U.S.C. § 921(a)(20). Section 921 does not separately define the term "conviction."

## A. The Issues

Davis asserts that, under Virginia law, (i) acts of juvenile delinquency are not "crime[s] punishable by a term of imprisonment exceeding one year," and (ii) delinquency adjudications are not "convictions." Consequently, says Davis, his possession of a firearm was not unlawful under § 922(g)(1). In support of this position, Davis contends first that, under both federal law and Virginia law, juvenile adjudications and criminal convictions are legally distinct, and mutually exclusive, events. Second, but relatedly, Davis argues that, because 18 U.S.C. § 924(e)(2)(B)—a provision in the same chapter of the same title as § 922(g)(1)—defined the term "violent felony" to include "any crime punishable by imprisonment for a term exceeding one year, *or* any act of juvenile delinquency involving the use or carrying of a firearm, knife, or destructive device that would be punishable by imprisonment for such term if committed by an adult" (emphasis supplied), federal law also treats juvenile adjudications differently from criminal convictions. According to Davis, the use of the disjunctive in § 924(e)(2)(B) indicates that the drafters of Chapter 44 of Title 18 (which includes § 922(g)(1)) regarded acts

of juvenile delinquency as conceptually and legally distinct from crimes committed by adults, even when the offense is the same. Finally, Davis posits that, at a minimum, the inconsistency between § 922(g)(1) and § 924(e)(2)(B) makes § 922(g)(1) ambiguous, thereby requiring application of the rule of lenity.

## B. The Effect Of A Juvenile Adjudication: What Law; What Effect?

As mentioned above, 18 U.S.C. § 921 defines a number of terms used in the title, including some used in § 922(g)(1), but provides no definition of the term "conviction." Instead, the drafters expressly incorporated the definition used by the jurisdiction where the putative "conviction" took place: "What constitutes a conviction of such a crime shall be determined in accordance with the law of the jurisdiction in which the proceedings were held." 18 U.S.C. § 921(a)(20). As the Fourth Circuit explained in *United States v. Lender*, 985 F.2d 151, 156 (4th Cir.1993), "[b]y explicitly stating that what constitutes conviction of a 'crime punishable by imprisonment for a term exceeding one year' is to be determined by the law of the prosecuting jurisdiction, Congress has eschewed a uniform definition in favor of letting states decide at what point adult treatment for a particular offense is indicated." In this case, the putative predicate convictions for the alleged violation of § 922(g)(1) are the adjudications of juvenile delinquency in the Commonwealth of Virginia, whose law, by virtue of § 921, controls whether those adjudications qualify as "convictions" within the meaning of § 922(g)(1).[2]

---

2. Davis cites the Federal Juvenile Delinquency Act ("FJDA") as a source of guidance respecting the question. *See* 18 U.S.C. §§ 5031–5042. The FJDA and the cases interpreting it strongly support the argument that juvenile delinquency adjudications do not qualify as "convictions." *See United States v.*

*Brian N.,* 900 F.2d 218, 220 (10th Cir.1990) (quoting *United States v. Frasquillo–Zomosa,* 626 F.2d 99, 101 (9th Cir.1980)) (stating that "[u]nder [the FJDA], prosecution results in an adjudication of status—not a criminal conviction."). Nevertheless, because § 921(a)(20) plainly requires federal courts to rely upon

The Code of Virginia no longer addresses explicitly whether an adjudication of juvenile delinquency qualifies as a "conviction." However, before amendment in 1977, Code of Virginia, § 16.1–179 stated that:

> Except as otherwise provided, *no adjudication* or judgment upon the status of any child under the provisions of this law *shall operate to impose any of the disabilities ordinarily imposed by conviction for a crime, nor shall any such child be denominated a criminal by reason of any such adjudication, nor shall such adjudication be denominated a conviction.*
>
> The disposition made of a child or minor or any evidence given in court concerning him shall not operate to disqualify the child in any future civil service application or appointment or military or naval enlistment.

*Kiracofe v. Commonwealth,* 198 Va. 833, 844, 97 S.E.2d 14, 21 (1957) (quoting Va. Code Ann. § 16.1–179 (repealed 1977))

(emphasis supplied). In *Kiracofe,* the Supreme Court of Virginia explained the policy animating the different treatment accorded juveniles and adults under Virginia law: "The child is looked upon not as a bad man, who should be punished but as an erring child who needs help. The primary function of the juvenile courts properly considered is not conviction or punishment for crime; but crime prevention and juvenile rehabilitation." *Id.* This view of the policy behind the juvenile justice laws is not at all unique to Virginia; and, in fact, it reflects the generally accepted view that the emphasis of juvenile justice is more therapeutic than punitive.[3] *See* Barry C. Feld, The Transformation of the Juvenile Court, 75 Minn. L.Rev. 691, 693–95 (1991) (explaining the development of modern conceptions of juvenile justice in the early twentieth century).[4]

Were the unequivocal language of the former § 16.1–179 still the applicable statutory direction, resolution of the present motion would be quite simple. However, through amendments in 1977 and 1996,[5]

---

the jurisdiction where the adjudication took place, and because Davis allegedly was "convicted" in the Virginia courts, the federal authority, although highly persuasive, is not controlling.

3. The FJDA reflects the same therapeutic/punitive dichotomy. *See* 18 U.S.C. §§ 5031–5042. In the FJDA, Congress defined "juvenile delinquency" as a "violation of a law of the United States committed by a person prior to his eighteenth birthday which *would have been a crime if committed by an adult* or a violation by such a person of section 922(x)." 18 U.S.C. § 5031 (emphasis supplied).

4. The increasing incidence of serious and violent crime committed by juveniles has prompted a call for rethinking this fundamental principle. There is neither need, nor propriety, for this Court to join that debate because today's case is governed by settled Virginia law that is fully consonant with related federal law.

5. The 1977 amendment significantly altered Virginia's juvenile justice system. The principal thrust of the change was to recognize differences between the types of juveniles who come under the jurisdiction of the court. *See* Twenty–Second Annual Survey of Developments in Virginia Law, 1976–1977, 63 Va. L.Rev. 1350, 1425 (1977). As explained in one contemporary survey:

> The revision espouses as its dominant theme that "the welfare of the child and the family is the paramount concern of the state," and as its major objective, "[t]o divert from the juvenile justice system, to the extent possible ... those children who can be cared for or treated through alternative programs." To meet this objective, the revised system eschews prior law, which treated all juveniles alike, and instead places juveniles into one of three categories: children in need of services; abused or neglected children; or delinquents.
>
> *Id.* (footnotes omitted).

the Virginia General Assembly removed from its juvenile law code, the language that expressly explained that juvenile adjudications of delinquency are not the equivalent of adult criminal convictions. That provision was replaced by § 16.1–308, which reads as follows:

> Except as otherwise provided by law for a juvenile found guilty of a felony in circuit court whose case is disposed of in the same manner as an adult criminal case, *a finding of guilty on a petition charging delinquency under the provisions of this law shall not operate to impose any of the civil disabilities ordinarily imposed by conviction for a crime,* nor shall any such finding operate to disqualify the child for employment by any state or local governmental agency.

Va.Code Ann. § 16.1–308 (emphasis supplied).

Although the omission of the unequivocal language that appeared in § 16.1–179 could be construed to indicate an intention by the General Assembly to eliminate, or even blur, the distinction between an adjudication of juvenile delinquency and conviction of a crime, other provisions in Virginia's juvenile law indicate that delinquency adjudications and criminal convictions remain distinct in concept and effect. The continuing vitality of the dichotomy is reflected most tellingly by the text of Virginia's analog to 18 U.S.C. § 922(g)(1), Code of Virginia, § 18.2–308.2, which, like § 922(g)(1), generally prohibits felons from possessing, transporting or concealing firearms and states as follows:

> A. It shall be unlawful for (i) any person who has been convicted of a felony *or* (ii) any person under the age of twenty-nine who was found guilty as a juvenile fourteen years of age or older at the time of the offense of a *delinquent act which would be a felony if committed by an adult,* whether such *conviction or adjudication* occurred under the laws of this Commonwealth, or any other state . . .

(emphasis supplied). Were juvenile adjudications and criminal convictions not distinct concepts under Virginia law, subsection (ii) of · § 18.2–308.2 would be superfluous. Furthermore, and even more revealing, is the fact that Virginia law allows persons under the age of 18 who violate the criminal laws of the Commonwealth to be tried either as a juvenile or as an adult. *See* Va.Code Ann. § 16.1–269.1. If an offender is tried as a juvenile and adjudicated to be a delinquent, the offender faces not only a qualitatively different punishment, *see* Va.Code Ann. § 16.1–278.8 but also no imposition of the civil disabilities that would result had the child offender been tried as an adult and convicted. *See* Va.Code Ann. § 16.1–308. More important than the consequences of an adjudication of guilt under Virginia law is the mere existence of the provision at all. If adjudications of juvenile delinquency and criminal convictions were considered by Virginia to be equivalent concepts, then there would be no reason to allow for the prosecution of juvenile offenders as adults.

In sum, the logic and theory of Virginia's juvenile justice law indicate that the policy, as expressed in *Kirocofe,* and the now-repealed § 16.1–179, is in force today.[6] Under that policy, adjudications of

---

**6.** Having decided that juvenile adjudications of delinquency are not convictions of crime under Virginia law, it is unnecessary to consider Davis' second argument and decide whether acts of delinquency involving offenses that would have been felonies had the child been tried as an adult, are "crimes

delinquency do not constitute convictions of crime under Virginia law. Therefore, Davis, having previously been tried as a juvenile and adjudicated delinquent for offenses that could have been punished by a term of imprisonment exceeding one year had he been tried as an adult and convicted, has not been "convicted" of those crimes within the meaning of § 922(g)(1).

### C. The Rule Of Lenity

Even if the foregoing conclusion is deemed doubtful, it seems clear that Davis, at a minimum, has demonstrated that the interpretation of the statute advanced by the United States is not unambiguously correct. Therefore, under settled precedent, the rule of lenity would apply. In that event, resolution of the ambiguity would be in favor of Davis. *See United States v. Granderson,* 511 U.S. 39, 53–54, 114 S.Ct. 1259, 127 L.Ed.2d 611 (1994).

### CONCLUSION

For the foregoing reasons, the Defendant's Motion To Dismiss The Indictment is hereby GRANTED.

The Clerk is directed to send a copy of this Memorandum Opinion to all counsel of record.

It is so ORDERED.