**UNITED STATES of America**

v.

**Leroy Cornelius BUGG, Defendant.**

**No. CRIM. 4:02CR84.**

United States District Court,
E.D. Virginia,
Newport News Division.

Feb. 21, 2003.

Larry Mark Dash, Office of the Federal Public Defender, Norfolk, for dft represented by Dash.

Frank W. Dunham, Jr., Office of the Public Defender, Alexandria, for dft represented by Dunham.

Fernando Groene, U.S. Attorney's Office, Norfolk, for pla represented by Groene.

## ORDER

DOUMAR, District Judge.

Presently before the Court is the Government's objection to the Probation Office's Presentence Report in this matter. The Government argues that the Defendant's Base Offense Level should calculated as 14, under § 2K2.1(a)(6) of the United States Sentencing Guidelines, because the Defendant was a prohibited person at the time the instant offense was committed. The Defendant argues that he was not a "prohibited person" under the Guidelines and, therefore, the Presentence Report's calculation of his Base Offense Level is correct. The legal issue before the Court is whether the Defendant was a "prohibited person" under § 2K2.1(a)(6) of the United States Sentencing Guidelines. For the reasons discussed below, the Court finds that the Defendant was not a prohibited person at the time of the instant offense. Accordingly, the Government's objection is **OVERRULED.**

### Factual Background

On July 9, 2002, Leroy Cornelius Bugg was charged in a three-count indictment. Count One charged the Defendant with Possession of a Firearm by a Convicted Felon, in violation of 18 U.S.C. § 922(g)(1). The Government alleged that the Defendant's prior felony conviction occurred on August 17, 1997, when the Defendant was "convicted" in the Newport News Juvenile and Domestic Relations Court of Possession with Intent to Distribute an Imitation Controlled Substance. At the time of the "conviction" the Defendant was 17 years old. Count Two charged Bugg with Possession of a Firearm with Obliterated Serial Number, in violation of 18 U.S.C. § 922(k). Count Three charged Bugg with Possession of an Unregistered Firearm with Obliterated Serial Number, in violation of §§ 5842, 5861(g), and 5871. On October 3, 2002, the Defendant was arrested. Subsequently, the Federal Public Defenders Office was appointed to represent Bugg, and a detention hearing resulted in an Order of Detention. Bugg has been in custody since his arrest.

On November 5, 2002, Bugg appeared before this Court and plead guilty to Count One of the indictment pursuant to a written plea agreement. The plea agreement provided that the Government would not pursue Counts Two and Three in exchange for the Defendant's guilty plea as to Count One.

On January 8, 2003, the Defendant filed a Motion to Withdraw Plea Due to Legal Innocence. The accompanying memorandum states that "the plea was entered on the erroneous assumption that a juvenile conviction for a felony qualified as a predicate offense under 18 U.S.C. § 922(g)(1)." Mot. to Withdraw Plea at 1. The crux of the Defendant's motion was that there is a split of authority in the Eastern District of Virginia regarding whether a juvenile ajudication in a Virginia Juvenile & Domestic Relations Court may serve as the predicate offense under § 922(g)(1).

On January 16, 2003, the Government filed a response to the Motion to Withdraw. The Government asked this Court to either: (1) defer ruling on the motion until the United States Court of Appeals for the Fourth Circuit rules on three similar cases that are being considered for appeal, or, in the alternative, (2) deny the Defendant's motion.

On January 23, 2003, this Court conducted a hearing on the Defendant's Motion to Withdraw his plea. Prior to the hearing, the Government and Defendant informed the Court that they had reached an agreement. The agreement provided that the Defendant would be allowed to withdraw his guilty plea as to Count One, in exchange for entering a guilty plea as to Count Two. After considering the matter,

the Court agreed to allow the Defendant to withdraw his guilty plea as to Count One and enter a plea of guilty as to Count Two, which charged the Defendant with Possession of a Firearm with an Obliterated Serial Number.

On February 12, 2003, the Government filed its objection to the Presentence Report prepared by the Probation Office. The Government argued that the Defendant's Base Offense Level should be 14 because the Defendant was a "prohibited person" at the time of the instant offense.

### Legal Analysis

The issue before the Court is whether the Defendant meets the definition of "prohibited person" under § 2K2.1(a)(6) of the United States Sentencing Guidelines. If the Defendant was a "prohibited person," then the Presentence Report is in error and the Defendant's Base Offense Level Should be 14, rather than 12. *See* U.S. SENTENCING GUIDELINES MANUAL § 2K2.1(a)(6) (stating that the Base Offense Level is "14, if the defendant (A) was a prohibited person at the time the defendant committed the instant offense"). The Application Notes to § 2K2.1 state that "[f]or purposes of subsections (a)(4)(B) and (a)(6), 'prohibited person' means any person described in 18 U.S.C. § 922(g) or § 922(n)." *Id.* at n. 6. Therefore, in order to determine whether the Defendant was a "prohibited person" under the Guidelines, the Court must determine whether the Defendant meets the statutory definition of "prohibited person" under 18 U.S.C. §§ 922(g) or 922(n).

### A. Is the Defendant a Prohibited Person Under § 922(g)(1)?

The Government argues that the Defendant meets the statutory definition of "prohibited person" under 18 U.S.C. § 922(g)(1). Position of the United States with Respect to Sentencing Factors at 2. Title 18, Section 922(g)(1) of the United States Code makes it unlawful "for any person who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year" to possess a firearm. 18 U.S.C. § 922(g)(1). Therefore, a "prohibited person" under 18 U.S.C. § 922(g) includes a person convicted of a crime punishable by imprisonment for a term exceeding one year.

The Government contends that the Defendant's juvenile adjudication constitutes such a conviction. The relevant definitions section of the chapter defines a number of terms used in the title but does not provide its own definition of the term "conviction." Instead, the statute defines conviction according to the relevant state law, stating: "[w]hat constitutes ... a conviction of [a crime punishable by imprisonment for a term exceeding one year] shall be determined in accordance with the law of the jurisdiction in which the proceedings were held." 18 U.S.C. § 921(a)(20). "By explicitly stating that what constitutes conviction of a 'crime punishable by imprisonment for a term exceeding one year' is to be determined by the law of the prosecuting jurisdiction, Congress has eschewed a uniform definition in favor of letting states decide at what point adult treatment for a particular offense is indicated." *United States v. Lender*, 985 F.2d 151, 156 (4th Cir.1993). Accordingly, in order to determine whether the Defendant was a "prohibited person" under 18 U.S.C. 922(g)(1), and therefore a prohibited person under § 2K2.1(a)(6) of the Guidelines, the Court must determine whether the Defendant's prior juvenile adjudication constitutes a "conviction" under Virginia law.

### B. Is a State Juvenile Adjudication a Conviction Under Virginia Law?

The Government argues that the Defendant's juvenile adjudication is a conviction under Virginia law. As support for this

proposition, the Government cites Virginia Code § 18.2–308.2, which states in pertinent part:

> It shall be unlawful for (i) any person who has been convicted of a felony or (ii) any person under the age of twenty-nine who was found guilty as a juvenile fourteen years of age or older at the time of the offense of a delinquent act which would be a felony if committed by an adult, . . . to knowingly and intentionally possess or transport any firearm. . . .

VA.CODE ANN. § 18.2–308.2(A)(Michie 1996). The Government correctly points out that the Defendant would be considered a "prohibited person" under Virginia law based on his juvenile adjudication. However, the issue in this case is not whether the Defendant could be prosecuted in Virginia's courts for possessing a firearm as a "prohibited person." Rather, the question is whether a juvenile adjudication is a "conviction" under Virginia law.

Instead of supporting the Government's argument, Virginia Code § 18.2–308.2 actually favors the proposition that a juvenile adjudication is not a "conviction" under Virginia law. As Judge Williams insightfully wrote after examining § 18.2–308.2:

> This Virginia statute actually supports the defendant's position [that a juvenile adjudication cannot be a predicate conviction under § 922(g) ], since the Commonwealth clearly distinguishes between "a person who has been *convicted of a felony* " and a person with a juvenile adjudication. Further, while the Commonwealth of Virginia has chosen to prohibit certain persons with juvenile adjudications from possessing firearms, the United States has not.

*United States v. Walters*, 225 F.Supp.2d 684, 687 (E.D.Va.2002)(emphasis in original); *See also United States v. Davis*, 234 F.Supp.2d 601, 605 (E.D.Va.2002) ("Were juvenile adjudications and criminal convictions not distinct concepts under Virginia

law, subsection (ii) of § 18.2–308.2 would be superfluous.").

Section 16.1–308 of the Code of Virginia makes it clear that a juvenile adjudication is treated differently than a criminal conviction under Virginia law. The statute states:

> Except as otherwise provided by law for a juvenile found guilty of a felony in circuit court whose case is disposed of in the same manner as an adult criminal case, a finding of guilty on a petition charging delinquency under the provisions of this law shall not operate to impose any of the civil disabilities ordinarily imposed by conviction for a crime, nor shall any such finding operate to disqualify the child for employment by any state or local governmental agency.

VA. CODE ANN. § 16.1–308 (Michie 1996). While it is true that certain juvenile adjudications may result in the loss of the right to possess a firearm under state law, § 16.1–308 illustrates the intent of Virginia's General Assembly to distinguish between criminal convictions and juvenile adjudications.

Further support for the proposition that juvenile adjudications are distinct from convictions under Virginia law is provided by Judge Payne's analysis in *United States v. Davis*, 234 F.Supp.2d 601 (E.D.Va.2002). In *Davis*, the Court was faced with the issue of whether a juvenile adjudication in Virginia could serve as the predicate offense for a 18 U.S.C. 922(g) conviction. Judge Payne thoroughly examined the distinctions under Virginia law between juvenile adjudications and criminal convictions. The Court pointed out that "Virginia law allows persons under the age of 18 who violate the criminal laws of the Commonwealth to be tried as a juvenile or as an adult." *Id.* at 605 (referencing Va.Code Ann. § 16.1–269.1). Judge Payne reasoned that "[i]f adjudications of delinquen-

cy and criminal convictions were considered by Virginia as equivalent concepts, then there would be no reason to allow for the prosecution of juvenile offenders as adults." *Id.* After examining the historical concepts of the juvenile justice system in Virginia, the Court concluded:

> [A]djudications of delinquency do not constitute convictions of crime under Virginia law. Therefore, Davis, having previously been tried as a juvenile and adjudicated delinquent for offenses that could have been punished by a term of imprisonment exceeding one year had he been tried as an adult and convicted, has not been "convicted" of those crimes within the meaning of § 922(g)(1).[1]

*Id.* Finally, the Court relied on the application of the rule of lenity that resolves issues of ambiguity in criminal statutes in favor of the defendant. *Id.* (relying on *United States v. Granderson,* 511 U.S. 39, 53–54, 114 S.Ct. 1259, 127 L.Ed.2d 611 (1994)). This Court finds Judge Payne's reasoning highly persuasive and adopts his legal conclusion that, under Virginia law, juvenile adjudications are distinct from criminal convictions.

### Conclusion

Since juvenile adjudications are distinct from criminal convictions under Virginia law, the Defendant has not been "convicted . . . of a crime punishable by imprisonment for a term exceeding one year" and, thus, was not a "prohibited person" under 18 U.S.C. § 922(g)(1). The fact that the Defendant may have been a "prohibited per-

son" under Virginia Code § 18.2–308.2 is immaterial. A person may be guilty of a state firearm crime but not guilty of breaking any federal firearm statute. For example, the state of Virginia prohibits persons from carrying a "concealed handgun onto the premises of any restaurant or club . . . for which a license to sell and serve alcoholic beverages for on-premises consumption has been granted. . . ." Va. Code. Ann. § 18.2–308 (Michie 1996). However, a person found guilty of carrying a concealed weapon into a tavern would not face federal charges for that conduct.

Since the Defendant was not a "prohibited person" under 18 U.S.C. § 922, he was not a "prohibited person" under § 2K2.1(a)(6) of the sentencing guidelines. *See* U.S. Sentencing Guidelines Manual § 2K2.1 n. 6 (defining "prohibited person" according to 18 U.S.C. § 922). Therefore, the Defendant's Base Offense Level should not be calculated at 14, and the Presentence Report's calculation of the Base Offense Level at 12 is correct. Accordingly, the Government's objection to the Defendant's Presentence Report is **OVERRULED.**

The Clerk of the Court is **DIRECTED** to deliver a copy of this Order to all counsel of record.

**IT IS SO ORDERED.**

---

1. There is a split of authority in the Eastern District of Virginia over the question of whether a juvenile adjudication may serve as the predicate offense for a 18 U.S.C. § 922(g) conviction. *See United States v. Walters,* 225 F.Supp.2d 684, 687 (E.D.Va.2002)(holding that juvenile adjudications cannot be predicate offense); *United States v. Davis,* 234 F.Supp.2d at 605 (E.D.Va.2002)(holding that juvenile adjudications cannot be predicate offense); *United States v. Crudup,* 225 F.Supp.2d 688, 692 (E.D.Va.2002)(holding that juvenile adjudications can be predicate offense). In *Crudup,* the Court found that a juvenile adjudication could serve as the predicate offense because the Defendant was a prohibited person under Virginia Code § 18.2–308.2. 225 F.Supp.2d at 690. However, in *Crudup,* the Defendant never argued that a Virginia juvenile adjudication was not a "conviction" under 18 U.S.C. § 922(g) and the issue was never addressed by the Court.