**UNITED STATES of America, Plaintiff–Appellant,**

**v.**

**Christopher WALTERS, Defendant–Appellee.**

**United States of America, Plaintiff–Appellee,**

**v.**

**Deon Montieal Crudup, Defendant–Appellant.**

**United States of America, Plaintiff–Appellant,**

**v.**

**DeAndre Avion Davis, Defendant–Appellee.**

**No. 02–4926, 03–4015, 03–4090.**

United States Court of Appeals, Fourth Circuit.

Argued: Oct. 31, 2003.

Decided: Feb. 20, 2004.

Michael James Elston, Assistant United States Attorney, Alexandria, Virginia, for Appellant United States.

Paul Geoffrey Gill, Assistant Federal Public Defender, Richmond, Virginia, for Appellees Walters and Davis.

Paul J. McNulty, United States Attorney, Alexandria, Virginia, for Appellant United States.

Frank W. Dunham, Jr., Federal Public Defender, Richmond, Virginia, for Appellees Walters and Davis; Jennifer T. Stanton, Jennifer T. Stanton, P.C., Norfolk, Virginia, for Appellant Crudup.

Before NIEMEYER, WILLIAMS, and DUNCAN, Circuit Judges.

## OPINION

DUNCAN, Circuit Judge.

Each of the three defendants in these consolidated appeals, Christopher Walters, DeAndre Avion Davis and Deon Montieal Crudup, was charged with possession of a firearm after having been convicted of a crime punishable by more than one year of imprisonment in violation of 18 U.S.C. § 922(g)(1) (2000). In each instance, the predicate conviction was a juvenile adjudication in Virginia state court. Based on this fact, the indictments of Walters and Davis were dismissed by the respective district courts. The district court denied Crudup's motion to dismiss, however, and he was subsequently convicted of three counts of possession of a firearm in violation of § 922(g)(1). Because we find that a juvenile adjudication is not a conviction under Virginia law, such an adjudication

cannot serve as the underlying conviction for purposes of 18 U.S.C. § 922(g)(1). Accordingly, we affirm the dismissals of the indictments of Walters and Davis, reverse the denial of Crudup's motion to dismiss, vacate Crudup's conviction, and dismiss as moot Crudup's other assignments of error.

## I.

Federal firearms law prohibits the possession of a firearm in or affecting interstate commerce by anyone "who has been convicted in any court of ... a crime punishable by imprisonment for a term exceeding one year." 18 U.S.C. § 922(g)(1). Walters, Davis and Crudup were indicted under this provision. In each instance, the defendant committed the predicate offense when he was a minor, and was adjudicated delinquent in a Virginia Juvenile and Domestic Relations Court.[1]

With respect to each underlying offense, the defendant was neither prosecuted as an adult nor sentenced in state circuit court. Each defendant moved to dismiss his indictment on the ground that an adjudication of juvenile delinquency did not qualify under § 922(g)(1) as a conviction of a crime punishable by imprisonment for a term exceeding one year.

The district court granted Walter's motion to dismiss the indictment following an analysis of both federal and state law. The court noted that under the Federal Juvenile Delinquency Act ("FJDA"), prosecution of a minor results in an adjudication of status rather than a criminal conviction. The court further rejected the argument that Virginia law treats juvenile adjudications as convictions, pointing out that the statutory language on which the government relied distinguishes a person convicted of a felony from one found guilty as a juvenile. *United States v. Walters*, 225 F.Supp.2d 684 (E.D.Va.2002).

The district court granted Davis' motion to dismiss, but focused entirely on state law. *United States v. Davis*, 234 F.Supp.2d 601, 603 & n. 2, 604–06 (E.D.Va. 2002). Although the court acknowledged that a particular amendment to Virginia's juvenile code made the Government's position more persuasive than it would have been under the prior provision, the court nevertheless found that various provisions of Virginia law, including the Virginia analog to § 922(g), Va.Code Ann. § 18.2–308.2(A) (Michie 2003), continued the distinction between delinquency adjudications and criminal convictions. *Davis*, 234 F.Supp.2d at 604–06. As a result, the court found Davis' juvenile adjudication did not qualify as a predicate conviction under § 922(g)(1).

In addressing Crudup's motion to dismiss, however, the district court reached the opposite conclusion. The court found that a juvenile adjudication is a conviction for purposes of § 922(g)(1) because such an adjudication could be an underlying offense for Virginia's "felon in possession of a firearm" statute. *See* Va.Code Ann. § 18.2–308.2(A)(ii). The court also determined that the offense of simple possession of cocaine, which formed the basis of Crudup's adjudication, is one that would have carried a sentence of up to ten years had Crudup been tried as an adult. *United States v. Crudup*, 225 F.Supp.2d 688 (E.D.Va.2002).

The United States filed timely notices of appeal from the district courts' decisions in *Walters* and *Davis*. Crudup filed a timely

---

1. Specifically, Walters was found guilty of distribution of cocaine and possession with intent to distribute on three occasions in 1996; Davis was found guilty of unauthorized use of an automobile and grand larceny in 1998 and 1999; Crudup was found guilty of possession of cocaine in 2000.

notice of appeal of the criminal judgment entered against him.

This appeal presents an issue of statutory construction which, as a pure question of law, we review de novo. *See Holland v. Pardee Coal Co.*, 269 F.3d 424, 430 (4th Cir.2001).

## II.

Before deciding whether juvenile adjudications serve as predicate convictions for purposes of § 922(g)(1), we must first determine whether federal or state law controls our analysis.

Defendants Walters, Davis and Crudup argue that we should look to the federal criminal code for guidance in determining whether a conviction encompasses a juvenile adjudication. The defendants contend that there is a long-recognized distinction between a finding of "juvenile delinquency" and a "conviction" of a crime. Based on the principle that "Congress acts with knowledge of existing law, and that absent a clear manifestation of contrary intent, a newly-enacted or revised statute is presumed to be harmonious with existing law and its judicial construction," *United States v. Langley*, 62 F.3d 602, 605 (4th Cir.1995) (internal quotations omitted)(quoting *Estate of Wood v. C.I.R.*, 909 F.2d 1155, 1160 (8th Cir.1990)), the defendants contend that we should presume that the provisions of the federal firearms law continue these well-established distinctions.

Federal law defines "juvenile delinquency" as a violation of law by a minor that "would have been a crime if committed by an adult." 18 U.S.C. § 5031 (2003). A juvenile is not "convicted" under federal law; a court adjudicates whether he or she is a juvenile delinquent. If so, the juvenile is subject to a disposition hearing at which the options are restitution, probation or commitment to official detention for a limited period of time. *See* 18 U.S.C. § 5037 (2003). The *Walters* court concluded that the "FJDA demonstrated Congress's perspective that juvenile delinquency adjudications are distinct from criminal convictions." 225 F.Supp.2d at 685–86.

The court further found the definition of "violent felony" in § 924(e)(2)(B), which parallels the language of § 922(g)(1), to be particularly compelling. Section 924(e)(2)(B) defines the term "violent felony" to include

> any crime punishable by imprisonment for a term exceeding one year, or any act of juvenile delinquency involving the use or carrying of a firearm, knife, or destructive device that would be punishable by imprisonment for such term if committed by an adult . . . .

Section 924(e)(2)(C) goes on to provide that "the term 'conviction' includes a finding that a person has committed an act of juvenile delinquency involving a violent felony." As the *Walters* court pointed out, § 924(e)(2) clarifies that the term "conviction" will include an adjudication of juvenile delinquency only if that act of juvenile delinquency involved a "violent felony." If the term "conviction" were interpreted to always include adjudications of juvenile delinquency, § 924(e)(2)(C) would not be necessary.

The Government argues in response that a specific provision of the federal statute requires a determination of the status of a Virginia juvenile adjudication under Virginia law, and we agree. In 1986, § 921 was amended to provide that "[w]hat constitutes a conviction of [a crime punishable by imprisonment for a term exceeding one year] shall be determined in accordance with the law of the jurisdiction in which the proceedings were held." *Firearms Owners' Production Act*, Pub.L. No. 99–308, § 101, 100 Stat. 449, (1986) (codified as amended at 18 U.S.C. § 921(a)(20) (2003)).

■ We had occasion to interpret § 921(a)(20) in the context of determining whether the prosecution and conviction of a juvenile as an adult constituted a crime punishable by imprisonment for a term exceeding one year under the Armed Career Criminal Act, 18 U.S.C. § 924(e)(1). *See United States v. Lender*, 985 F.2d 151 (4th Cir.1993). We found then, as we do now, that the language of § 921(a)(20) is clear in its indication of Congress's intent to incorporate state law. By stating that what constitutes a conviction is to be determined by the laws of the jurisdiction in which the proceeding was held, "Congress has eschewed a uniform definition in favor of letting states decide" what constitutes a crime punishable by imprisonment for more than one year. *Id.* at 156.

We turn, therefore, to a determination of whether a juvenile adjudication is a conviction under Virginia law.

## III.

The clearest general statement of Virginia law on whether an adjudication of juvenile delinquency qualifies as a "conviction" for purposes of § 922(g)(1) is Va.Code Ann. § 16.1–308 (Michie 2003). Under that provision,

> *Except as otherwise provided by law* for a juvenile found guilty of a felony in circuit court whose case is disposed of in the same manner as an adult criminal case, *a finding of guilty on a petition charging delinquency under the provisions of this law shall not operate to impose any of the civil disabilities ordinarily imposed by conviction for a crime,* nor shall any such finding operate to disqualify the child for employment by any state or local government agency.[2]

Va.Code Ann. § 16.1–308 (emphasis added). Although the language does not ex-

---

2. Prior to 1977, the predecessor provision to section 16.1–308 explicitly removed juvenile adjudications from consideration as convictions for purposes of collateral consequences under Virginia law. Under the prior language,

> no adjudication or judgment upon the status of any child under the provisions of this law shall operate to impose any of the disabilities ordinarily imposed by conviction of a crime, nor shall any such child be denominated a criminal by reason of any such adjudication, nor shall such adjudication be denominated a conviction.

Va.Code Ann. § 16.1–179 (repealed 1977); *see Kiracofe v. Commonwealth*, 198 Va. 833, 97 S.E.2d 14, 21 (1957).

It could certainly be argued, as the Government does, that the removal of unequivocal language that no "such [juvenile] adjudication [shall] be denominated a conviction" suggests that the Virginia legislature intended to blur, if not eliminate, the distinction between the two. However, a more compelling explanation is that the language of section 16.1–308 simply recognizes that a juvenile may be tried as an adult; in that circumstance, the distinc-

tion between a juvenile adjudication and a conviction need not be made. As noted by the court in *Davis* and explained in a contemporaneous survey

> [t]he revision espouses as its dominant theme that 'the welfare of the child and the family is the paramount concern of the state,' and as its major objective, 'to divert from the juvenile justice system, to the extent possible ... those children who can be cared for or treated through alternative programs.' To meet this objective the revised system eschews prior law, which treated all juveniles alike, and instead places juveniles into one of three categories: children in need of services; abused or neglected children; or delinquents.

*See Twenty–Second Annual Survey of Developments in Virginia Law, 1976–1977*, 63 Va. L.Rev. 1350, 1425 (1977) (footnotes omitted). Because recognition of a different status for a juvenile tried as an adult is consonant as with the plain language of section 16.1–308, and distinctions between juvenile adjudications and criminal convictions continue to pervade Virginia law, we are unpersuaded by the Government's interpretation of the amendments to section 16.1–308.

plicitly state that a juvenile adjudication shall not be denominated a conviction, as did its predecessor provision, it does distinguish juveniles adjudicated as delinquent from those tried as adults. Only a minor found guilty of a felony in circuit court as an adult suffers the subsequent disabilities that a conviction would otherwise entail.

Indeed, as the court in *Davis* noted, the fact that Virginia law allows a minor charged with criminal violations to be tried either as a juvenile or as an adult pursuant to the restrictions of Va.Code Ann. § 16.1–269.1 (Michie 2003) is significant.[3] *Davis*, 234 F.Supp.2d at 605. A minor tried as a juvenile and adjudicated delinquent not only does not suffer the otherwise applicable civil disabilities, he or she faces qualitatively different consequences as well. *See* Va.Code Ann. § 16.1–278.8 (Michie 2003) (listing sanctions applicable following an adjudication as a juvenile delinquent). If juvenile adjudications and criminal convictions were equivalent concepts under Virginia law, there would be no reason to provide for the prosecution of juvenile offenders as adults.[4]

The Government acknowledges that "[j]uvenile adjudications of delinquency, of course, are not the same as adult convictions." [Br. at 20.] The Government goes on to argue, however, that despite this admitted non-equivalence, "the key issue is not whether something is labeled as a con-

viction but whether it has the effect of a conviction with respect to the state's firearms laws." [Br. at 21.] This argument fails for three reasons.

First, the Government's argument misidentifies the question to be answered by reference to state law. As noted above, § 922(g)(1) applies to a defendant who has been convicted of a crime "punishable by imprisonment for a term exceeding one year," and § 921(a)(20) requires the determination of what constitutes such a conviction to be based on "the law of the jurisdiction in which the proceedings were held." Nowhere does the federal firearm law limit its applicability to the parameters of the state firearm law. Rather, it directs the federal courts to accept the state's assessment of whether the predicate offense, whatever it may be, is treated as a crime.

Second, the Virginia firearm statute does not support the result the Government seeks. In fact, that statute incorporates the very juvenile adjudication/conviction dichotomy the Government contends is irrelevant. Section 18.2–308.2(A) of the Virginia Code, which, like 18 U.S.C. § 922(g)(1), generally prohibits felons from possessing, transporting or concealing firearms, applies to

> (i) any person who has been convicted of a felony or (ii) any person under the age of twenty-nine who was found guilty as a juvenile fourteen years of age or older at

---

**3.** Virginia defines a "child," "juvenile," or "minor" as "a person less than 18 years of age." Va.Code Ann. § 16.1–228 (Michie 2003).

**4.** We considered the distinction in status between a minor treated as a juvenile and one tried as an adult in *United States v. Lender*, *infra*. The issue in that case was whether the conviction of a 17–year old as an adult (because the age of juvenile delinquency in North Carolina, the state in question, was 16) could be a predicate conviction for purposes of determining armed career criminal status under

18 U.S.C. § 924(e)(i). Because the defendant was prosecuted as an adult under state law, we readily concluded that the conviction in question was not for a juvenile offense, but for an adult crime punishable by imprisonment for a term exceeding one year—a violent felony as defined by the first part of § 924(e)(2)(B). *Id.* Although *Lender* does not control our analysis, it is certainly consistent with it. The distinction between a minor treated as a juvenile and one prosecuted as an adult is well recognized in state law.

the time of the offense of a delinquent act which would be a felony if committed by an adult, whether such conviction or adjudication occurred under the laws of this Commonwealth, or any other state ....

Va.Code Ann. § 18.2–308.2(A). Virginia courts have held that the judicial function is to apply the "plain, obvious, and rational meaning of a statute, and that unless there is ambiguity there is no need for interpretation ...." *Gilliam v. Commonwealth*, 21 Va.App. 519, 465 S.E.2d 592, 594 (1996) (internal quotations omitted). Here, the plain language of the statutory provision on which the Government relies treats the conviction of a felony as distinct from an adjudication as a juvenile. By writing the statute in the disjunctive, the Virginia legislature has given it the effect of excluding a person who has been adjudicated delinquent from the category of persons convicted of felonies. *See Hedrick v. Commonwealth*, 257 Va. 328, 513 S.E.2d 634, 640 (1999) ("[T]he use of the disjunctive word 'or,' rather than the conjunctive 'and,' signifies the availability of alternative choices."); *Garcia v. Commonwealth*, 40 Va.App. 184, 578 S.E.2d 97, 100 (2003) ("[T]he use of a disjunctive in a statute indicates alternatives and requires that those alternatives be treated separately.")

Finally, although the Government argues that the Virginia firearms statute imposes a collateral effect on juvenile delinquents similar to that imposed on adult felons, even this effect recognizes a distinction between juvenile adjudications and convictions. A person who is convicted of a felony is permanently barred from possessing a firearm, whereas a person adjudicated as a juvenile is barred from possessing a firearm only until the age of twenty-nine. *See* Va.Code Ann. § 18.2–308.2.

In support of its position regarding the status of juvenile adjudications, the Government also cites specific Virginia statutes that treat such adjudications as felony convictions for purposes of the imposition of collateral consequences.[5] These examples, however, do not support its position regarding the status of juvenile adjudications. The specific statutes, to the contrary, support the argument that adjudications and convictions are viewed as distinct. If adjudications were considered synonymous with criminal convictions, the Virginia Assembly would not have had to specifically so provide in the statutes in question.

That an adjudication is treated *as a* conviction in specific circumstances implies that it is not so treated as a general rule. Accordingly, we are persuaded that Virginia does not consider a juvenile adjudication to be a conviction. Consequently, a juvenile adjudication cannot be the underlying conviction which subjects a person to penalty under 18 U.S.C. § 922(g)(1).[6]

---

5. *See, e.g.,* Va.Code Ann. §§ 17.1–805(B), 19.2–295.1 (Michie 2003)(juvenile adjudication results in additional criminal history points and may be considered for purposes of jury sentencing); *id.* § 63.2–1719 ("convictions" include juvenile adjudications for purposes of licensing child welfare agencies, and foster and adoptive homes); *id.* § 63.2–1724 ("convictions" include juvenile adjudications for purposes of statute governing licensing of day-care centers).

6. When questioned at oral argument about the "punishable by a term of imprisonment for a term exceeding one year" language of 18 U.S.C. § 922(g)(1), the Government argued that the phrase merely describes the "crime" which will support a predicate conviction, and contributes nothing to the analysis of whether a juvenile adjudication qualifies as a conviction of a crime. We find this argument to be strained. Although the phrase "punishable by a term of imprisonment" does describe the crime, it also neces-

## IV.

In light of the foregoing, we affirm the district courts' rulings in *United States v. Walters*, No. 02–4926 and *United States v. Davis*, No. 03–4090. In *United States v. Crudup*, No. 03–4015, we vacate the district court's judgment of conviction, reverse the order denying Crudup's motion to dismiss the indictment and remand for further proceedings consistent with this opinion.

*AFFIRMED IN PART; VACATED AND REMANDED IN PART*

sarily describes the actor. As is true under the FJDA, Virginia terms a custodial disposition of a juvenile adjudication to be a "confinement to a detention home," rather than imprisonment. *See, e.g.,* Va.Code Ann. §§ 16.1–278.7, 16.1–284.1, 16.1–285.1 (Michie 2003). However, because the foregoing discussion disposes of the issue on appeal, we need not address this question here.